[Arnold & Co. v. Jones Cotton Co.]

# Arnold & Co. *v.* Jones, Cotton Co.

### *Action for Breach of Contract.*

(Decided July 2, 1907. 44 South. 662.)

*Contract; Validity; Restrain of Trade.*—A contract is void as in restraint of trade which provides that two firms, each being purchasers of cotton in the same district, shall pay to the other onsixteenth of a cent per pound on all cotton purchased by either in the district, and that one, when desiring to purchase cotton for certain mills, at a specified price, shall first notify the other, and give such other the option of furnishing the cotton at the price named, and if such one could not purchase the cotton at such price, then the other was at liberty to purchase from other sources.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by J. H. Arnold & Co., against the Jones Cotton Company, for the breach of a mutual contract, relative to the purchase of cotton, in a certain district. From a judgment for defendant plaintiff appeals. Affirmed.

O. KYLE and S. T. WERT, for appellant. If the contract is valid no evasion of it will be tolerated.—3 A. & E. Ency. of Law, 885. Contracts in total restraint of trade are void, but where the restraint is partial, reasonable and founded upon a good consideration, it is valid and will be enforced.—3 Ency. of Law, 883. What is a reasonable restrain must depend upon the circumstances of each case.—3 Ency. of Law, 883. The two leading cases in Alabama on this subject are, *Tuscaloosa I. M. Co. v. Williams,* 28 South. 671, and *Moore & Handley Hdw. Co. v. Towers Hdw. Co.,* 87 Ala. 207; and while in apparent conflict they are differentiated by the facts in each case, and lead to the inevitable con-

clusion that the duty was on defendant to set up by plea the facts constituting the restrain of trade. The 4th count did not set up a contract in restraint of trade. —*U. S. v. Knight Co.*, 151 U. S. 28; *Diamond Match Co. v. Roba*, 106 N. Y. 473; *National Benefit Co. v. Union Hospital Co.*, 11 L. R. A. 437.

CALLAHAN & HARRIS, for appellee. As to whether or not a contract is void for being in restraint of trade, the test is, the evil tendency and not its actual injury to the public in a particular instance.—9 Cyc., 481. All contracts which are restrictive of competition in trade with certain exceptions, are contrary to public policy and void. (The contract in this case does not fall within the exception.)—*Tuscaloosa I. M. Co. v. Williams*, 28 South. 669; *Bailey v. Master Plumbers Assn.*, 46 L. R. A. 561; *Harding v. American Glucose Co.* (note), 74 Am. St. Rep. 255; *Craft v. McConnoghy*, 79 Ill. 346; *Moore v. Bennett*, 15 L. R. A. 361; *Texas Standard Oil Co. v. Oden*, 29 Am. St. Rep. 699; *United States v. Knight*, 156 U. S. 26-31.

SIMPSON, J.—The action in this case was by the appellant against the appellee, to recover for the breach of a contract, and the assignments relate to the sustaining of demurrers to the complaint. The provisions of the contract, as alleged, were that the defendant agreed to pay to the plaintiff one-sixteenth of a cent per pound on all cotton purchased by the defendant in a certain region of Alabama, called the "Sand Mountain, Attalla & Gadsden District," the consideration being that the plaintiff was to pay to the defendant one-sixteenth of a cent per pound on all cotton purchased by the plaintiff in the same district; also that the plaintiff (who was at that time engaged in purchasing cotton for certain cot-

[Arnold & Co. v. Jones Cotton Co.]

ton mills at and near Gadsden, Ala.) when he desired
to purchase cotton for said mills at a certain price, was
to first communicate with the defendant, and give the
defendant the option of furnishing said cotton at the
price named, and, if the defendant could not furnish the
cotton at the price named, then the plaintiff was at lib-
erty to purchase from others.   The complaint alleges
that the contract was made on or about October 13,
1904, and was to be performed within a reasonable time,
which has expired; that plaintiff has complied with the
stipulations of the contract on its part; and that the
defendant, having purchased largely more in said ter-
ritory, is indebted to the plaintiff to the amount of $1,-
023, according to said contract, and refuses to pay.  The
only point insisted upon in the brief of the appellant, as
raised by the demurrers, is that the contract set out in
the complaint is not contrary to public policy and void.

The decisions as to what contracts are considered as
in restraint of trade, and therefore contrary to public
policy and void, are so numerous and variant that an
analysis of them would extend this opinion beyond all
reasonable proportions, and then it would be difficult to
extract any definite and satisfactory rule which would
meet the facts of every case.  The only cases, and a very
large proportion of those of later date, relate to those
agreemnts by which one person agreed with another
that he would not engage in a certain business, either
generally or specially as to time and place; and there is
a very general consensus of opinion that a general agree-
ment, without limit as to time and space, is absolutely
void, but that an agreement for a limited space upon
proper consideration is valid.  The consideration which
has been universally recognized as proper is the sale by
one to the other of his business and good will.  In this
class of cases the doctrine has been considerably relax-

ed, owing to the changed conditions of business, and
the question of validity is referred rather to that of
reasonableness vel non than to the limit of space. The
restriction is allowed to such extent as is reasonable to
protect the interests involved, as in the case of the Dia-
mond Match Company, whose interests extended all
over the United States.—9 Cyc. 525-529; 2 Beach on
Contracts, §§ 1562-1582, 1590; 2 Parsons on Contracts
(9th Ed.) pp. 909-916 (*747-753); *Diamond Match
Company v. Roeber,* 106 N. Y. 473, 13 N. E. 419, 60 Am.
Rep. 464. The test of reasonableness and the necessities
of the interest to be protected, adopted in the modern
decisions, necessarily refers to the court the peculiar
circumstances of each case, in order to determine wheth-
er or not it is violative of the public policy of the coun-
try. While the utmost liberty of contract, consistent
with the rights of others, must be allowed, yet it must
be seen that the exercise of that liberty does not impinge
upon the rights of the public generally or of individuals.
Combinations to enhance or depress prices are recog-
nized as contrary to public policy and void.

Nearly all of the decisions on the subject of prevent-
ing and "stifling" competition involved combinations
among those having commodities for sale to hold up the
prices; but the principle is the same, whether the com-
bination be upon the part of the sellers or of the pur-
chasers. He who has commodities to sell in the market
has the same right to competition among buyers as the
purchaser has to competition among sellers.—*Nester v.
Continental Brewing Co.,* 161 Pa. 473, 29 Atl. 102, 24 L.
R. A. 247, 41 Am. St. Rep. 894; *Bailey v. Master Plumb-
ers' Ass'n.,* 103 Tenn. 99, 52 S. W. 853, 46 L. R. A. 561;
*Harding v. American Glucose Co.,* 74 Am. St. Rep. 255,
note; *Central Ohio Salt Co. v. Guthrie,* 35 Ohio St. 666;
*Texas Standard Oil Co. v. Adone,* 83 Tex. 650, 19 S. W.

274, 15 L. R. A. 598, 29 Am. St. Rep. 690; *State v. Smiley,* 65 an. 240, 69 Pac. 199, 67 L. R. A. 909, 913. It is true, also, that in the greater number of cases the combination were among a considerable number of persons, with the evident purpose of creating a monopoly; but, as stated in the case of *Salt Co. v. Guthrie, supra,* "courts will not stop to inquire as to the degree of injury inflicted upon the public. It is enough to know that the inevitable tendency of such contracts is injurious to the public."—35 Ohio St. 672; Pingree's Extraordinary, etc. Contracts, § 321. In the Stenographer's Case it is said: "True, the restraint is not so far-reaching as it would have been if all the stenographers in the city had joined the association; but, so far as it goes, it is of precisely the same character, produces the same results, and is subject to the same legal objection."— *More v. Bennett,* 140 Ill. 69, 29 N. E. 888, 15 L. R. A. 361, 364, 33 Am. St. Rep. 246. A secret combination among grain dealers, in the nature of a partnership, was held void, as tending to "stifle all competition."—*Craft et al. v. McConoughy,* 79 Ill. 346, 350, 22 Am. Rep. 171. "If its object is to prevent or impede free and fair competition in trade, and may in fact have that tendency, it is void as being against public policy."—*Anderson v. Jett,* 89 Ky. 375, 380, 12 S. W. 670, 6 L. R. A. 390; *Judd v. Harrington* (Com. Pl.) 19 N. Y. Supp. 406, 412. Although a partnership may be formed for otherwise legal purposes, yet if its existence be kept secret, and an appearance of competition between the partners maintained by them towards the public, it is illegal and void.— *Fairbank et. al. v. Leary,* 40 Wis. 637, 643. In our own state the case of *Moore & Handley Hardware Co. v. Towers Hardware Co.,* 87 Ala. 206, 6 South. 41, 13 Am. St. Rep. 23, has no relevancy to this case. It was a sale of a certain class of business, with the agreement not to

engage in it—being under the first division of the subject above alluded to. Under the same head are the later cases which hold that, where there is no sale of any interest, such agreements tend to "stifle competition," and are void.—*Tuscaloosa Ice Mfg. Co. v. Williams*, 127 Ala. 111, 28 South. 669, 50 L. R. A. 175, 85 Am. St. Rep. 125; *Fullington et al. v. Kyle Lumber Co.*, 139 Ala. 242, 35 South. 852.

In the case under consideration there was no business sold and no interest to be protected. The effect of the agreement was that each was to have an interest in the purchase of the other, thus stifling competition, while the appearance of competition was kept up to the public. While it is true, as suggested by counsel for appellant, that cotton has a market value, which is regulated by the market reports in the business centers, yet it is nevertheless true that the people who raise and sell their cotton do not have any access to those market reports; but, on the contrary, their knowledge of what cotton is worth in the market is derived entirely from what is offered by the buyers at the place where they offer their cotton for sale. So, if two men are in the market, offering to purchase, and having a secret arrangement between them by which they are practically partners, it operates as a deception to the sellers, stifles competition, and is void. It matters not that others may come ino the market. The tendency and the probable result are the same, and the case is governed by the same principle. It is similar to the agreements between persons not to bid against each other at auctions, which have always been held to be void.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.