(81 South. 862)

## BALDWIN COUNTY PRODUCERS' CORPORATION v. FRISHKORN.
## (1 Div. 312.)

(Court of Appeals of Alabama. May 13, 1919. Rehearing Denied June 3, 1919.)

1. **AGRICULTURE** ☞6—**MUTUAL CO-OPERATIVE ASSOCIATIONS.**

A corporation to be protected by Acts Sp. Sess. 1909, p. 168, relating to the incorporation of mutual co-operative societies and associations for farming and trucking purposes, must be within its letter, and it will not be protected if, after a consideration of the entire charter, it appears that its powers as therein set out are so broad as to authorize it to engage in business of a general nature not authorized by the act, and it is immaterial that there is a statement in the articles of incorporation that "this corporation is not organized for pecuniary profit."

2. **AGRICULTURE** ☞6 — **MUTUAL CO-OPERATIVE ASSOCIATIONS.**

A corporation cannot be organized under Acts Sp. Sess. 1909, p. 168, relating to agricultural associations and providing for the incorporation of mutual co-operative societies for farming and trucking purposes, where the char-

ter gives it the power "to buy, sell, lease, mortgage, hypothecate and deal generally in both real and personal property," and to own, buy, sell, lease, operate, maintain, and construct packing and warehouses and other buildings, and to lease, and operate sawmills and paper mills and box factories, etc.

3. **AGRICULTURE** ☞6 — **MUTUAL CO-OPERATIVE ASSOCIATIONS — POWER AS BUSINESS CORPORATION.**

Where an attempt to organize a corporation under Acts Sp. Sess. 1909, p. 168, relating to the incorporation of mutual co-operative societies and associations for farming and trucking purposes and for the exemption of the same from all corporate taxation and licenses, failed by reason of the wide powers given under its charter, the corporation was nevertheless entitled to conduct its business as provided in its charter under the general laws of the state, if it complied with Code 1907, § 3445 et seq.

4. **CORPORATIONS** ☞55 — **BY-LAWS — ULTRA VIRES.**

A by-law of a corporation, not authorized by its charter, is ultra vires and void.

5. **MONOPOLIES** ☞17(2)—**CORPORATION—BY-LAWS.**

A by-law of a corporation, that "a member of the corporation selling his produce to any person other than the regularly authorized agent of the corporation, shall pay 3 per cent. of his gross sales into the treasury of the corporation," is unenforceable, being in restraint of trade.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Action in assumpsit by the Baldwin County Producers Corporation against Adam Frishkorn. Judgment for defendant, and plaintiff appeals. Affirmed.

William S. Anderson, of Bay Minette, for appellant.

Rickarby, Austill & Beebe, of Bay Minette, for appellee.

SANFORD, J. The plaintiff, claiming its existence as a corporation under the authority of an act of the Legislature approved August 25, 1909 (Acts Sp. Sess. 1909, p. 168), adopted a set of by-laws, among which was article 4, § 8, in the following words:

"A member of the corporation selling his produce to any person other than the regularly authorized agent of the corporation shall pay three per cent. of his gross sales into the treasury of the corporation."

Under the agreed statement of facts, the defendant, a stockholder in the corporation, in violation of this by-law, sold produce raised by him and refused to pay to the corporation 3 per cent. of the gross amount received from such sales.

The suit was begun in the justice court, appealed to the circuit court, and after much

pleading the issues were made up by the court, under agreement of counsel, so as to present the following questions: (1) Is the plaintiff a corporation under the laws of the state of Alabama? (2) the validity of the by-law above set out; and (3) the right of the plaintiff to enforce the payment of commissions by stockholders of the amounts as required by said by-law.

[1] The act of the Legislature of 1909 provides for the incorporation of mutual co-operative societies and associations for farming and trucking purposes and for the exemption of the same from all corporate taxation and licenses. To conform to this act the articles of incorporation must be within its letter, and not so extended as to become a business corporation conducted for profit, and the mere statement in the articles of incorporation, "this corporation is not organized for pecuniary profit," will not have the effect of giving to it the protection of the act if, after a consideration of the entire charter, it appears that its powers as therein set out are so broad as to authorize it to engage in business of a general nature not authorized by the act under which it is sought to be organized.

[2, 3] We will therefore consider that question first. Section 5 of the act provides:

"Sec. 5. Powers.—That such organization shall have the power to buy, sell and lease and mortgage real estate, to build and operate warehouses, loading platforms and other means of facilitating the movement of products to buy for its members, seed, fertilizers and other needed articles for planting and marketing its products, to contract, sell or otherwise dispose of the crops growing or matured of its members, and to do all other things, incident to its purpose, for the mutual benefit of its members."

It will be noted that section 5 authorizes the corporation to buy, sell, lease, and mortgage real estate, evidently for the purpose of building and operating warehouses, loading platforms, etc., for the conduct of the mutual business of the members of the corporation. But under the powers as set forth in the charter it is provided that the corporation shall have power "to buy, sell, lease, mortgage, hypothecate, and deal generally in both real and personal property." The corporation under its charter is also authorized "to own, buy, sell, lease, operate, maintain, and construct packing and warehouses and other buildings, to own, buy, sell, lease, and operate sawmills, and paper mills, and box factories, and any other property deemed necessary for the carrying into effect of the purposes of the proposed corporation." In other words, the powers set forth in the charter of the corporation far exceed the powers designated and authorized under section 5 of the act, or that were contemplated by the Legislature when it authorized the organization of mutual co-operative societies for the handling of the products of the soil by those who were engaged in producing them. The plaintiff, however, is a corporation under the general laws of the state, having complied in every particular with chapter 69 of the Code of 1907 (section 3445 et seq.) and as such is entitled to conduct its business as provided in its charter, being subject, also, to such burdens of taxation as are business corporations in this state.

[4, 5] The foregoing being the status of the plaintiff corporation, it is apparent that the by-law hereinabove set out cannot be enforced for numerous reasons. In the first place, the charter does not authorize any such by-law and its adoption is therefore ultra vires. 7 Rul. Cas. Law, p. 309. Secondly, such a by-law, even if not repugnant to the charter, could not be enforced as being in restraint of trade. 7 Rul. Cas. Law, p. 146; Inter-Ocean Publishing Co. v. Associated Press, 184 Ill. 438, 56 N. E. 822, 48 L. R. A. 568, 75 Am. St. Rep. 184; 10 Cyc. 359.

It therefore follows that the plaintiff was not entitled to recover in this action, and the court did not err in rendering judgment for the defendant. The judgment of the court is affirmed.

Affirmed.