(83 South. 69)

Ex parte BALDWIN COUNTY PRODUCERS' CORPORATION. (1 Div. 107.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

1. AGRICULTURE ⬥6 — INCORPORATION OF MUTUAL CO-OPERATIVE ASSOCIATION VALID.

Where declaration of incorporation expressly recites "this corporation is incorporated under special act of Legislature approved August 25, 1909 (Acts 1909, p. 168), and claims exemption from corporate taxation in amount of $5,000" and "is not organized for pecuniary profit," the corporation is a corporation organized under said act, though its charter provisions contain more detailed specifications as to powers than authorized by said act, since such other powers which may be considered beyond the corporate authority will be treated as ultra vires.

2. AGRICULTURE ⬥6—MUTUAL CO-OPERATIVE ASSOCIATIONS NOT ORGANIZED FOR PECUNIARY PROFIT.

That corporation by-laws required payment by any member of 3 per cent. of his gross sales to the corporation when sale was made to any one other than an agent of the corporation does not indicate that the corporation was organized for pecuniary profit within Acts 1909 (Sp. Sess.) p. 168, relating to incorporation of mutual co-operative associations for farming and trucking purposes.

3. AGRICULTURE ⬥6 — BY-LAWS OF CO-OPERATIVE ASSOCIATION PRIMA FACIE VALID.

By-laws of corporation organized under Acts 1909 (Sp. Sess.) p. 168, fixing a charge of 3 per cent. on the gross sales of the produce of its members whether sold through the corporation or not, are prima facie valid and not ultra vires, and the burden of showing invalidity rests on those impeaching said by-laws.

4. AGRICULTURE ⬥6—BY-LAW OF CO-OPERATIVE ASSOCIATION AUTHORIZING ASSESSMENTS VALID.

Provisions of Acts 1909 (Sp. Sess.) p. 168, as to incorporation of associations for farming and trucking purposes, clearly authorized the corporation to enact a by-law to secure from its members by assessments or dues, or otherwise, sufficient funds for the management of the business affairs of the concern.

5. AGRICULTURE ⬥6—BY-LAWS OF CO-OPERATIVE ASSOCIATION NOT IN RESTRAINT OF TRADE.

By-laws of corporation organized under Acts 1909 (Sp. Sess.) p. 168, fixing a charge of 3 per cent. on the gross sales of the produce of its members, whether sold through the corporation or not, held not in restraint of trade.

Certiorari to Court of Appeals.

Action in assumpsit by the Baldwin County Producers' Corporation against Adam Fiskhorn to recover a 3 per cent. commission on certain gross sales made by Fiskhorn to a person other than plaintiff. The defendant had judgment in the trial court, and on appeal to the Court of Appeals this judgment was affirmed. 81 South. 862. Plaintiff brings certiorari to review and revise the judgment rendered by the Court of Appeals. Writ granted.

William S. Anderson, of Bay Minette, for appellant.

Rickarby, Frazer & Beebe, of Bay Minette, for appellee.

GARDNER, J. Petition for writ of certiorari to the Court of Appeals to review the decision of that court affirming the judgment of the lower court in the case of Baldwin County Producers' Corporation v. Adam Fiskhorn, 81 South. 862. The origin and nature of the suit is sufficiently disclosed in the opinion of the Court of Appeals, and need not be here repeated.

[1] The Court of Appeals held that petitioner was a corporation organized under the general laws of the state, and not incorporated under the authority of the act approved August 25, 1909 (Acts Special Session 1909, p. 168).

This is the first question presented for consideration, and we are of the opinion the court fell into error in so holding. The declaration of incorporation expressly recites that the company is organized under said act of 1909, using the language:

"This corporation is incorporated under special act of Legislature, approved August 25, 1909, and claims exemption from corporate taxation in amount of $5,000.00."

The declaration further contains the following, "This corporation is not organized for pecuniary profit." The corporation is vested with the powers and authority conferred by the act under which it was created, reciting the particular powers and privileges conferred by said act, including the above provision as to the immunity from taxation to the amount of $5,000. Section 5 of the act is set out in the opinion of the Court of Appeals, together with some excerpts from the declaration of incorporation.

While it is true that the charter provisions contained more detail specifications as to the powers of the corporation, and may in some particulars be more general in their scope than that authorized in the act, yet we are of the opinion that, where it so clearly appears and, indeed, is so expressly stated in the articles of incorporation, that the company is in fact organized under the act approved August 25, 1909. Such other powers which may be considered beyond the corporate authority will be treated as ultra vires, but would not destroy the powers granted under the corporate authority or change the company from what its declarations of incorporation declare it to be, viz., a corporation incorporated under special act of the Legislature approved August 25, 1909.

[2] The court, in reaching the above conclusion, to the effect that petitioner was incorporated as a business concern for pecuniary profit, laid some stress upon the provisions of the by-law set out in the opinion, requiring the payment by any member of the corporation of 3 per cent. of his gross sales to the corporation when the sale is made to any one other than an agent of the corporation; but this by-law did not indicate that the company was organized for pecuniary profit within the meaning of the above-cited act.

The act clearly contemplated that the corporation should have some source of revenue, as, indeed, the performance of the powers given or authorized under the act would indicate that funds were required for carrying on the business of the corporation, which was for the mutual benefit of its members. Section 1 of the act discloses that such corporation was to be formed, "not for pecuniary profit in the sense of paying interest or dividends on stock,' but for the mutual benefit

through the application of co-operation, or other economic principles"; thus clearly recognizing the need of revenue necessary to carrying out the lawful purposes of the association, and drawing a distinction between pecuniary profits for this purpose and such profits for paying interest or dividends on stock. It was therefore not the legislative intent to create a business corporation, completely shorn of the power of raising revenue, in its corporate capacity, necessary to finance it as a going concern for the purposes for which it was incorporated. We therefore entertain the view that petitioner was incorporated under the act of 1909, and that the holding to the contrary is erroneous.

It is further held by the Court of Appeals that section 8 of article 5 of the by-laws of the corporation was void as being ultra vires, and also as being in restraint of trade. These conclusions are based upon the status of the petitioner as a business corporation, and one not organized under the act approved August 25, 1909. As upon this question of petitioner's corporate status we are in disagreement with the Court of Appeals, and the cause will be reversed, we need make no decision as to the validity of said by-law, as with the changed situation that court may, upon reconsideration of the cause, adopt an entirely different view.

In addition to this, the opinion does not treat the evidence relating to this particular by-law, and it is doubtful as to whether or not under the rule governing cases of this character sufficient data here appears for a proper review of the same.

[3] In view of the reversal of the cause however, for the above-stated reason, it is not inappropriate that we give some expression of our views upon the situation as is disclosed in the brief of counsel for petitioner, which is not here denied or questioned by opposing counsel. Counsel insists that the declaration of incorporation expressly authorizes the company to collect a reasonable compensation from members for any services rendered; that the company has erected a warehouse and platform and other facilities at Foley, Ala., for handling and disposing of the produce of its members, and had employés on hand to handle, assort, ship, and sell all kinds of produce for the market. Further: That petitioner purchased and kept on hand for use of its members fertilizers and seeds necessary in planting and raising crops of all kinds, purchasing the same at wholesale, and furnishing the same to its members at wholesale prices. That the agent of the company daily received reports of the prices of produce in the various markets accessible to Foley, and furnished the same to its members whenever desired; and that in fact petitioner was actively engaged in rendering service to its members—

resulting in mutual profit and advantage to each of them. That it was necessary that it have a source of revenue to carry on the expenses of the corporation, and to this end adopted by-law numbered 9 of article 5, to the effect that all members of the corporation shall pay 3 per cent. of their gross sales to the corporation for all produce handled by the corporation, and also section 8—set out in the opinion of the Court of Appeals—for the payment of 3 per cent. of the gross sales made to any person other than the authorized agent of the corporation. That, in short, the corporation, for the services rendered, fixed a charge of 3 per cent. upon the gross sales of the produce of its members, whether sold through the corporation or not.

Prima facie the by-law in question was valid, and not ultra vires (Ala. City, G. & A. Ry. Co. v. Kyle, 81 South. 54[1]), and the burden of showing invalidity rests upon those impeaching it.

[4] The provisions of the act of 1909 clearly authorized the corporation to enact a by-law to secure from its members by assessment or dues, or otherwise, sufficient funds for the management of the business affairs of the concern; and we are fully persuaded the methods thus pursued were within the powers of the corporation.

[5] Counsel further states the record shows that members were in fact encouraged in disposing of their produce to others, if, by so doing, a better price could be obtained. and that no penalty was attached to any member for such sale, but merely a 3 per cent. charge was fixed upon the gross sales whether to the corporation or outsider as a proper amount to be paid by each member for the advantages obtained from the corporation for the services rendered. Under such a state of facts, we entertain the view that this by-law does not come within the principle of being in restraint of trade under the authorities cited in the opinion of the Court of Appeals, or in the following authorities examined by us: Reeves v. Docorah Farmers, etc., Society, 160 Iowa, 194, 140 N. W. 844, 44 L. R. A. (N. S.) 1104, and note; Martell v. White, 185 Mass. 255, 69 N. E. 1085, 64 L. R. A. 260, 102 Am. St. Rep. 341; Tallassee Oil, etc., Co. v. Holloway, 76 South. 434, L. R. A. 1918A, 280;[2] Am. Laundry Co. v. E. & W. Dry-Cleaning Co., 74 South. 58;[3] Cummings v. Union Blue Stone Co., 164 N. Y. 401, 58 N. E. 525, 52 L. R. A. 262, 79 Am. St. Rep. 655; Arnold v. Jones, 152 Ala. 501, 44 South. 662, 12 L. R. A. (N. S.) 150.

For the errors first pointed out, the writ will be granted, and the judgment will be reversed, and the cause remanded to the Court of Appeals for further consideration.

Writ granted; reversed and remanded.

All Justices concur.