(100 South. 908)

FAIRCLOTH-SEGREST MERCANTILE CO. v. ROACH, Judge of Probate.    (4 Div. 142.)

(Supreme Court of Alabama.    June 19, 1924.)

1. Warehousemen ⊙⇒2—Warehouseman's bond, executed by individuals rather than surety company, held properly rejected.

Gen. Acts 1923, p. 492, art. 34, § 6, requiring public warehousemen to file with judge of probate a bond "with some surety company that has complied with the laws of the state of Alabama as a surety," is a valid exercise of the police power, and bond executed with individual sureties was properly rejected.

2. Statutes ⊙⇒114(1)—Title of act held sufficiently broad to include regulations affecting public warehouseman's bonds.

Requirements and regulations imposed on public warehousemen in the matter of bonds, by Gen. Acts 1923, p. 399, held all referable and cognate to the subject expressed in the title of that act, which related to fertilizers, public gins, storage, and sale of cotton, cotton standards, public warehouses, etc.

3. Appeal and error ⊙⇒179(4)—Only constitutional infirmities of statutes raised and insisted on by parties considered.

The Supreme Court will not search for constitutional infirmities in statute, but will consider only those questions raised and insisted upon by parties.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Petition of the Faircloth-Segrest Mercantile Company for writ of mandamus to D. G. Roach, as Judge of Probate of Geneva County. From a judgment denying the writ, petitioner appeals. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

There are limitations upon the police power, and the Legislature had no power to require bonds of warehousemen to be secured by a particular class. Mangan v. State, 76 Ala. 65; Perry v. So. Ex. Co., 202 Ala. 663, 81 South. 619; 6 R. C. L. 240.

Harwell G. Davis, Atty. Gen., and Edwina Falkner, Asst. Atty. Gen., for appellee.

A public warehouse is a business affected with a public interest, and is subject to regulation by the Legislature in the exercise of

its police power. Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77; 8 Cyc. 864; 40 Cyc. 403.

THOMAS, J. The petition for mandamus seeks to compel the judge of probate to receive, approve, and file the bond tendered him by one who owned and operated a public warehouse for the storage of cotton and other articles of value for compensation. The bond tendered was executed by individuals, rather than by a surety company authorized to do such an act of business in this state. Gen. Acts 1923, p. 492.

The public policy of the state has been given expression by statutes—in the requirement of official bonds of public officials who hold office under the Constitution (as secretary of state [Code § 575; Gen. Acts 1915, p. 115]; state auditor [Code, § 597]; state treasurer [Code, §§ 616, 617]; Attorney General [Code, § 634]), by the provision for payment of the premiums on official bonds (Gen. Acts 1923, pp. 752, 755), by the requirement of bonds of other department officials and employees made the subject of statute (Gen. Acts, 1919, p. 676, art. 41 [1]; Gen. Acts 1915, p. 115), and by the requirement of bonds for the discharge of a contract obligation with the state, as provided by law (Gen. Acts, 1907, p. 64).

The act of March 7, 1907, defined and regulated public warehouses located in an incorporated town or city and doing a business for the storage of cotton or other articles of value for compensation. Gen. Acts 1907, p. 371. Section 4 thereof required a bond to be filed with the judge of probate, etc.

Warehousemen and common carriers are made the subject of chapter 147 of the Code of 1907, §§ 6123–6142; and the bond required of a warehouseman, conditions and amounts thereof, are specifically dealt with in sections 6128, 6129 of the Code.

As early as February 12, 1897, the declared policy of the Legislature was to authorize a corporation, having the power under its charter, to become surety on the official bonds of state, county, and municipal officers, those of receivers, guardians, administrators, trustees, assignees, and executors, on all bonds or undertakings required in any judicial proceeding, and on all bonds or undertakings required or permitted by the laws of this state. Gen. Acts 1897, p. 830; Code, § 1507 et seq.; Evans v. Evans, 200 Ala. 329, 336, 76 South. 95.

The subject of public warehouses was again dealt with in the General Acts of 1923, pp. 491–504, arts. 34, 35. Section 6 (page 492, art. 34) thereof is as follows:

"The person receiving a license under the provisions of this article shall file with the said judge of probate, issuing said license, a bond, to be approved by said judge, with some surety company that has complied with the laws of the state of Alabama as surety, and payable to the state of Alabama in sum equivalent to 5 per cent. of the estimated value of the articles stored in the warehouse at the time, during the preceding twelve months when the value of the articles stored was greatest, but such sum shall in no event be less than five thousand dollars, nor shall it be greater than fifty thousand dollars. This bond shall be conditioned by the faithful performance of his or its duties as a public warehouseman for the storage of cotton or other articles of value for compensation during the period covered by said 'license.'"

Was the subject in question a proper subject of the classification made, and were the provisions relating thereto a valid exercise of the police power of government?

In Tallassee Oil & Fertilizer Co. v. Holloway, 200 Ala. 492, 76 South. 434, L. R. A. 1918A, 280, it was held that the ginning of cotton for the public was the subject of a proper exercise of governmental regulation; that such a "ginnery," when dedicated to the public use, became clothed with a public interest, as affecting the community at large, and as such was subject to reasonable governmental regulation. See, also, Ex parte Baldwin County Producers' Corporation, 203 Ala. 345, 83 South. 69; State v. Goldstein, 207 Ala. 569, 578, 93 South. 308; Stewart v. Capital Fertilizer Co., 207 Ala. 596, 93 South. 641; L. R. A. 1918A, 285, 286; 23 A. L. R. 1479, note.

[1] Under the authority of Tallassee Oil & Fertilizer Co. v. Holloway, supra, we are of opinion that section 6 of the act of 1923 (Gen. Acts, p. 492) was a valid exercise of the police power of government; that is to say, if the enactment be not subject to other constitutional objection, that discussion will be confined to the objection presented in argument of counsel.

[2] The provisions in the title of said act include (among others) ample provision relating to the subject of fertilizers and fertilizer material, public gins, the storage and sale of cotton, cotton standards, and public cotton classers, and embrace the subject of public warehouses and uniform law of warehouse receipts, etc. Gen. Acts 1923, p. 399 et seq. No question of duplicity is presented. It is urged that the title as to warehouses was too general. As to this objection, the rules declared in Ballentyne v. Wickersham, 75 Ala. 533, are:

"Under this clause of the Constitution (section 2, art. 4), the title of a bill may be very general, and need not specify every clause in the statute, it being sufficient if they are all referable and cognate to the subject expressed; and, when the subject is expressed in general terms, every thing which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it. But if clauses are contained in the act which are not so correlated to the subject expressed in the title, as to appear to follow as a natural and legitimate complement, they cannot stand."

[3] The reasonable requirements of and regulations imposed on the proper bonding of such public warehouses were all referable and cognate to the subject expressed in the title of the act of September 27, 1923, Gen. Acts, p. 399 et seq. On this ground the title and the act are in consonance with the requirements of section 45 of the Constitution. This court will never search for constitutional infirmities in statutes, but will consider only those questions raised and insisted upon. State ex rel. Brandon v. Prince, 199 Ala. 444, 74 South. 939.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.