**ALABAMA INDEPENDENT SERVICE STATION ASS'N, Inc., et al., v. SHELL PETROLEUM CORPORATION et al.**

No. 4953.

District Court, N. D. Alabama, S. D.

Aug. 1, 1939.

388

William S. Pritchard and Winston B. McCall, both of Birmingham, Ala., for plaintiffs.

Lange, Simpson & Brantley and Jas. A. Simpson, all of Birmingham, Ala., Wm. K. Hall, of Houston, Tex., and A. E. Van Dusen, of New York City, for defendant Texas Co.

Evans Dunn, of Birmingham, Ala., and S. A. Mitchell, C. P. Berry, and R. D. Shewmaker, all of St. Louis, Mo., for defendant Shell Petroleum Corporation.

Gerry Cabaniss and Cabaniss & Johnston, all of Birmingham, Ala., for defendants U. S. Rubber Products, Inc., and Goodyear Tire & Rubber Co.

Lloyd J. Cobb, Cobb & Saunders, and Herman Baginsky, all of New Orleans, La., for defendant Pan-American Petroleum Corporation.

Fred S. Ball and Chas. A. Ball, both of Montgomery, Ala., for defendant General Tire & Rubber Co.

Douglas Arant, of Birmingham, Ala., J. S. Atkinson, of Shreveport, La., and Archie D. Gray, of Houston, Tex., for defendant Gulf Refining Co.

Douglas Arant, of Birmingham, Ala., Chas. G. Middleton, of Louisville, Ky., and J. H. Joss, of Akron, Ohio, for defendant Firestone Tire & Rubber Co.

Douglas Arant, of Birmingham, Ala., and Chas. G. Middleton, of Louisville, Ky., for defendant Standard Oil Co.

Martin, Turner & McWhorter, Wm. Logan Martin, and Henry Upson Sims, all of Birmingham, Ala., for defendant B. F. Goodrich Co.

MURPHREE, District Judge.

This case has been submitted upon the plaintiffs' prayer for a temporary injunction and the several motions of the several defendants, the latter being motions to dismiss on numerous grounds, motions to strike the complaint and parts of the complaint, motions to sever and for separate trial, and motions to make more definite and certain. Due to the large number of these motions and their many common grounds, they will be considered collectively.

■ The temporary injunction will be denied because insufficient facts appear in the complaint, as amended, to permit formulation of an effective order which will not unduly hamper the defendants, especially in the event that a trial of this cause proves the defendants guiltless of the charges of the complaint. This decision is also founded upon the difficulty of formulating any decree on the basis of the incomplete and undetailed facts appearing to the court in the allegations of the complaint, as amended, and also by the contradictions of the complaint, as amended, appearing in the affidavits, depositions and answers to interrogatories filed by the defendants.

■ The most serious question presented by the motions to dismiss is whether or not sufficient facts are alleged to constitute a cause of action. This question in turn has two aspects: (1) Are the acts charged against the defendants violations of the anti-trust laws, and (2) are the acts charged against the defendants in the course of interstate commerce?

At this point it may be worth while to advert to the question whether facts appearing in affidavits, depositions and answers to interrogatories may be considered in the disposition of a motion to dismiss. Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter * * * (6) failure to state

a claim upon which relief can be granted. * * *" This rule differs significantly from the former Equity Rule 29, 28 U.S. C.A. following section 723, in that the latter provided only for "every defense in point of law arising upon the face of the bill" by motion. We are of the opinion that the affidavits, depositions and answers to interrogatories may be considered here on all of the motions, the latter being within the terms of Rule 12(b) defenses in law and fact. However, consideration of these evidential matters in this case does not add greatly to the force of the defendants' motions because most of the statements of fact therein are either simple contradictions of the plaintiffs' allegations or conclusions of law, or are consistent with the existence of the crucial facts set out in the complaint, as amended, and not in avoidance thereof.

Are the alleged acts of the defendants in violation of the anti-trust laws, assuming for the moment that they are done in the course of interstate commerce? The essential objection to the complaint in this respect is that it only charges that a different and lesser price is offered by the defendant oil companies for tank car lots of gasoline than for tank wagon or tank truck lots, and that this price differential is properly allowed as a quantity discount, within the terms of the statute (Title 15, U.S.C., § 13(a), 15 U.S.C.A. § 13(a): "* * * Provided, That nothing herein contained shall prevent differentials which make only due allowance for differences in the cost of manufacture, sale, or delivery resulting from the differing methods or quantities in which such commodities are to such purchasers sold or delivered." The defendants, citing Lipson v. Socony Vacuum Corporation, 1 Cir., 1937, 87 F. 2d 265, certiorari granted 1937, 300 U.S. 651, 57 S.Ct. 612, 81 L.Ed. 862, and certiorari dismissed by stipulation of counsel, 1937, 301 U.S. 711, 57 S.Ct. 788, 81 L.Ed. 1364, contend that the discriminations charged in the complaint are permitted by this quoted proviso of the statute. However, it is to be noted that the differentials permitted by the statute are only those "which make only due allowance for differences in the cost of manufacture * * *", etc. The plaintiffs, in charging that the differentials were illegal and in violation of the anti-trust laws, sufficiently allege that the differentials alleged were not warranted by this proviso of the statute. It is a matter to determine upon

trial of this case whether differences in cost justify these differentials or not, and to what extent they are justified if they are partially justified. To the extent that the Circuit Court of Appeals for the First Circuit in Lipson v. Socony Vacuum Corporation, supra, may have held that all differentials based upon quantity purchased are justified, we must respectfully differ with the opinion of that able court, upon the direct authority of the clear language of the statute.

As we understand the complaint, as amended, it charges that each of the oil company defendants conspired with one of the tire company defendants to lessen competition by an unjustified price differential in the price of gasoline to the tire companies. Such acts constitute a violation of the anti-trust laws, and the complaint, as amended, therefore states a case for relief, assuming the acts are alleged to have occurred in interstate commerce. Citations to support this accepted principle are unnecessary.

The grounds of the defendants for contending that the acts alleged in the complaint, as amended, are not in interstate commerce are principally that all sales in Alabama are made from bulk stocks of gasoline located within the state, and thus the acts charged are necessarily intrastate in character.

The statute (Title 15, U.S.C., § 13(a), 15 U.S.C.A. § 13(a), provides that "It shall be unlawful for any person engaged in commerce, in the course of such commerce" to do the illegal acts set out. "Commerce" as used in this statute and as far as is here relevant is defined (Title 15, U.S.C., § 12, 15 U.S.C.A. § 12) as "trade or commerce among the several States and with foreign nations." We construe these statutes to extend the applicability of Section 13(a) of Title 15, U.S.C., 15 U.S.C.A. § 13(a), to all forms of interstate commerce, in whatever sense the commerce in question may be considered to be interstate, i. e., the statutes involved invoke the full power of the Congress over interstate commerce. We do not find it necessary to consider whether or not those statutes include within their purview acts which may affect interstate commerce though they are not themselves a part of interstate commerce, as do the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the Bituminous Coal Act of 1937, 15 U.S.

390

C.A. § 828 et seq., for example. We consider the acts alleged to have been done by the defendants to be in interstate commerce directly. Giving full effect to the affidavits, depositions and answers to interrogatories of the several defendants, the net effect of the argument of the defendants is that because the sales to the tire company defendants were made from local stocks of gasoline, the sales were purely intrastate in character. But more than just this is involved. The plaintiffs allege that there is no gasoline produced in Alabama, and that the regular supply of gasoline to the tire companies by the oil companies requires shipment from out of the state, and that the oil companies do so ship the gasoline from out of the state. In this aspect, the local storage plants and sales therefrom by the oil companies "are but a throat through which the current flows * * *. Such transactions cannot be separated from the movement to which they contribute and necessarily take on its character", to use some of the language of Stafford v. Wallace, 1922, 258 U.S. 495, 42 S.Ct. 397, 402, 66 L.Ed. 735, 23 A.L.R. 229, spoken with reference to the question whether sales in stockyards in the course of shipment of stock from one place to another in a different state are a part of interstate commerce. Such local sales may affect the power of the state to levy taxes (see Swift & Company v. United States, 1905, 196 U.S. 375, 400, 25 S.Ct. 276, 49 L.Ed. 518) or the applicability of intrastate freight rates (Atlantic Coast Line R. Co. v. Standard Oil Company, 1927, 275 U.S. 257, 48 S.Ct. 107, 72 L.Ed. 270), but do not necessarily stop the applicability of the anti-trust laws, which seem intended to govern interstate commerce in its furthest reaches, even though some of those furthest reaches could have, if treated separately, been left to the states to deal with as purely local matters. Local storage tanks here were mere conduits and temporary resting points for a subject of interstate commerce. See also United Shoe Machinery Corp. v. United States, 1922, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708. We believe, therefore, that the alleged acts of the defendants are in interstate commerce within the terms of the statute.

■ The motions to dismiss and to strike will be denied. Likewise the motions for more definite statement or bills of particulars will be denied, since any necessary information desired by the defendants can be obtained by interrogatories.

■ The question is raised as to the capacity of the Alabama Independent Service Station Association, Inc., to maintain the action as a real party in interest or otherwise. Rule 17(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for representative suits: "Every action shall be prosecuted in the name of the real party in interest; but * * * a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." But this has reference to such representatives as guardians, receivers, executors, administrators and other fiduciaries. See Moore's Federal Practice, Vol. 2, p. 2092 et seq. The association corporation named shows no legal right to receive compensation for the damages of its members, nor does it have such a property right as an injunction in this case will protect. Its charter power to act for the benefit of its members to prevent violations of laws does not give it capacity to maintain a suit of this kind. The case of Ex parte Baldwin County Producers' Corporation, 1919, 203 Ala. 345, 83 So. 69, see Baldwin County Producers' Corp. v. Frishkorn, 1919, 17 Ala.App. 84, 81 So. 862, is clearly distinguishable, as there the corporation was suing to enforce an obligation due directly to itself. The capacity of the association corporation, which is a plaintiff here, to sue generally is not questioned, but its capacity to enforce the separate property rights of its individual members seems unfounded in any authority or law.

■ The Alabama Independent Service Station Association, Inc., will be stricken as a plaintiff. We may add that the remaining plaintiffs, as operators of gasoline service stations, may properly remain as plaintiffs, and may sue on behalf of all of the similarly situated parties described in the complaint. See Rule 23(a) (3), Rules of Civil Procedure; Moore's Federal Practice, Vol. 2, pp. 2241 et seq. However, for the recovery of damages, each member of the class must intervene to assert and prove such damages to himself.

■ This leaves the question of the propriety of the joinder of the parties here, both plaintiffs and defendants. Rule 20(a) of the Rules of Civil Procedure provides: "All persons may join in one action as plaintiffs if they assert any right to relief

jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

There seems no question but that the plaintiffs are properly joined here since they do claim a right to relief, severally, from the same transactions and many of the same questions of both law and fact will arise.

However, as to the defendants the joinder is not entirely proper. While the plaintiffs' right to relief will give rise to some common questions of law and fact as to all of the defendants, the right to relief is not "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" as to all of the defendants. This latter condition of joinder is as indispensable as that a common question of law or fact will arise. The only collusion or conspiracy apparently alleged by the complaint, as amended, is between each tire company defendant and one distinct oil company defendant. Therefore as between the Shell Petroleum Corporation and the Goodyear Tire & Rubber Company, the Gulf Refining Company and the B. F. Goodrich Company, the Texas Company and the Firestone Tire & Rubber Company, the Standard Oil Company of Kentucky and the U. S. Rubber Products, Inc., and the Pan-American Petroleum Corporation and the General Tire & Rubber Company, as five separate pairs of defendants, the complaint does show a right to relief arising out of the same series of transactions or occurrences. No facts sufficiently appear in the complaint, as amended, to indicate that the right to relief as against any one of these pairs grows out of the same trans-

actions or occurrences as does the right against any other pair.

Since by the provisions of Rule 21, 28 U.S.C.A. following section 723c, "Misjoinder of parties is not ground for dismissal of an action" and "any claim against a party may be severed and proceeded with separately", the motions to sever will be granted to the extent that the claims against each of the five pairs of defendants noted above will be proceeded with separately.

The parties may submit orders in conformity with this opinion.