**WISCONSIN RESTAURANT ASS'N v.
PORTER, Adm'r, OPA, et al.**

No. 4035.

District Court, E. D. Wisconsin.

Sept. 23, 1946.

Drought and Grootemaat and Ralph J. Drought, all of Milwaukee, for plaintiff.

James A. Martineau, of Oconto, Wis., for defendants.

DUFFY, District Judge.

This action is before the court on the plaintiff's motion for temporary injunction restraining the defendants from requiring restaurant operators to file prices in accordance with Amendment No. 13 to Restaurant Maximum Price Regulation No· 2, and on the motion of the defendant Earp to dismiss on several grounds, including lack of proper venue, want of subject-matter jurisdiction, and because the plaintiff is not a real party in interest. No appearance has been entered by the defendant Porter. The defendant Earp not having answered, decision involves a test of the sufficiency of the complaint.

The complaint sets forth that plaintiff, a Wisconsin corporation, conducts a trade association in the interests of its members who are operators of restaurants and other public eating places doing business in the territory assigned for administration of the Emergency Price Control Act, as amended, to the Green Bay District Office of the Office of Price Administration. The defendant, Porter, whose office is at Washington, D. C., is Administrator of the Office of Price Administration, and is the superior of the defendant, Earp, as District Director of the Green Bay office.

It is unnecessary to state further allegations in order to reach and decide one of the grounds relied upon for dis-

240

missal. Apart from other considerations this action, as against the administrator, is, from the standpoint of venue, solely maintainable against him in the District of Columbia. 28 U.S.C.A. § 112. Under Sec. 201(b) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 921(b), his legal residence is at the seat of government and being an indispensable party herein, suit can validly be brought against him only in the District of Columbia. Ernst v. Fleissner, D.C.E. D.Wis.1941, 38 F.Supp. 326, 327. The action cannot proceed against the other defendant who is merely a subordinate of the administrator, since the latter, the indispensable party, is not before the court. The action, accordingly, must be dismissed. Ernst v. Fleissner, supra.

Dismissal is also required because the plaintiff is not a real party in interest. It is not in the restaurant business and is not required to observe the provisions of the regulation in question. Federal Rules of Civil Procedure, rule 17(a), 28 U.S.C.A. following section 723c; Alabama Independent Service Station Ass'n, Inc. v. Shell Petroleum Corporation, D.C.Ala.1939, 28 F.Supp. 386, 390; Louisiana Farmers' Protective Union, Inc. v. Great Atlantic and Pacific Tea Co., D.C.Ark.1940, 31 F.Supp. 483, 490.

Absence of subject-matter jurisdiction, moreover, affirmatively appears. The plaintiff asks for an injunction restraining enforcement of Amendment No. 13 to Restaurant Maximum Price Regulation No. 2, as amended. It asserts in this connection that Amendment No. 13 conflicts with Sec. 10(o) of the Price Control Extension Act of 1946, 50 U.S.C.A.Appendix, § 902(o), effective as of June 30, 1946. As restraint of the enforcement of provisions of a price control regulation is involved, jurisdiction of the action is denied to this court by Sec. 204(d) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 924(d). In this respect the act further provides that jurisdiction of an action involving such restraint (following prior exhaustion of administrative remedies) is exclusively lodged with and vested in the Emergency Court of Appeals with review on certiorari to the Supreme Court of the United States. Lockerty v. Phillips, 319 U.S. 182, 188, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 429, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 521, 64 S.Ct. 641, 88 L.Ed. 892.

Want of jurisdiction as indicated requires the denial of plaintiff's motion for temporary injunction and the granting of the motion of the defendant Earp to dismiss the action. Counsel for the defendant-movant will submit order to that effect.