**OLSON v. PORTER, Adm'r, OPA, et al.**

No. 4044.

District Court, E. D. Wisconsin.

Sept. 23, 1946.

Drought and Grootemaat and Ralph J. Drought, all of Milwaukee, for plaintiff.

James A. Martineau, of Oconto, Wis., for defendants.

DUFFY, District Judge.

This action is before the court on the plaintiff's motion for a temporary injunction restraining the defendants from requiring the plaintiff to file prices in accordance with Amendment No. 13 to Restaurant Maximum Price Regulation No. 2, and on the motion of the defendant Earp to dismiss because of lack of proper venue and want of subject matter jurisdiction. No appearance has been entered by or on behalf of the defendant Porter. Decision on the motions, no answer having been made, will be rendered with reference to the material allegations of the complaint.

The complaint sets forth that the plaintiff is engaged in operating a restaurant at Marinette as a sole trader, as mentioned in the title of the action, and also states the respective official status of the defendants in the government service. It further alleges that Amendment No. 13 to the price regulation in question and certain provisions of the Price Control Extension Act of 1946, 50 U.S.C.A.Appendix, § 902(*o*) effective as of June 30, 1946, are in conflict, and that no steps have been taken by or in the name of the administrator to resolve the conflict and eliminate attending confusion and losses which the continued enforcement of the amendment to the regulation would cause. The situation thus created (the complaint proceeds) warrants the award of declaratory relief by the court, and, in addition, the issuance of an injunction restraining the defendants from enforcing the provisions of Amendment No. 13 to the regulation.

From the standpoint of venue this action presents the same situation as the case of Wisconsin Restaurant Association v. Porter, D.C., 68 F.Supp. 239. The opinion of the court in that case on this point is applicable to this action and is adopted. The motion to dismiss for want of proper venue is sustained.

Besides asking a declaratory judgment, in connection with which the plaintiff would contend that Amendment No. 13 is invalid as inconsistent with the Price Control Extension Act of 1946, the plaintiff seeks an injunction restraining defendants from enforcing the former. Because the action involves these considerations, jurisdiction thereof is denied to this court by Sec. 204(d) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 924(d). With respect to an action seeking such relief, the act further provides that jurisdiction, following prior exhaustion of administrative remedies, is exclusively lodged with and vested in the Emergency Court of Appeals with review on certiorari to the United States Supreme Court. Lockerty v. Phillips, 319 U.S. 182, 188, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 429, 64 S. Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 521, 64 S.Ct. 641, 88 L. Ed. 892.

In any view of the complaint, the plaintiff is without right to maintain this action and to have from this court any measure of the relief sought for by him. His motion for temporary injunction is denied and the motion of the defendant Earp to dismiss the action will be allowed. Counsel for the defendant-movant will submit order to that effect.