

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 14, 1960

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin 11, Texas

Opinion No. WW-849

Re: Authority of the Secretary of
State to accept and file articles
of incorporation for the purpose
of acquiring and operating an
apartment building for the use
and enjoyment of the members
on a co-operative basis as a
non-profit corporation under
the Texas Non-Profit Corpora-
tion Act.

Dear Mr. Steakley:

You have requested an opinion of this office as to whether the
Secretary of State should accept and file under the provisions of the Texas
Non-Profit Corporation Act proposed articles of incorporation stating that
the purpose of the proposed corporation is "Acquiring, owning, erecting,
leasing, maintaining, improving, and operating an apartment building,
ancillary properties, the site thereof and the appurtenances thereto, for
the use and enjoyment of the members of this corporation on a co-operative
basis as a non-profit corporation as defined and within the meaning of
Article 1.02 of the Texas Non-Profit Corporation Act. This purpose clause
is subject to the restrictions of Chapter 4, Title 32 of the Revised Civil
Statutes of the State of Texas, Revision of 1925."

We assume that your inquiry is limited to whether the presence
of such a purpose clause in and of itself prohibits filing of the proposed
articles of incorporation pursuant to the Non-Profit Act. In our opinion
the purpose clause does not so prohibit the filing.

Article 2.01 A of the Act provides "Except as hereinafter in
this Article expressly excluded herefrom, non-profit corporations may be
organized under this Act for any lawful purpose or purposes, which pur-
poses shall be fully stated in the articles of incorporation. . ." There is
no reason to believe the proposed purpose is unlawful. It remains to be
ascertained whether the Act can apply to such a corporation.

While Section 2.01 B(3) does exclude certain co-operative cor-
porations from application of the Non-Profit Act, this type of co-op is not
one of those so excluded. Furthermore, each one of the named co-ops which

is so excluded are incorporated pursuant to specific and special Acts elsewhere contained in the statutes. There is no special statute authorizing the incorporation of a co-operative apartment house. No doubt, the co-operatives so excluded were excluded because there were specific statutes dealing with that particular type of co-op. We do not believe that the exclusory language of Article 2.01 B(3) should be construed to exclude all co-ops from the purview of the Act. So far as we have been able to ascertain, there are no other exclusions in the Act which are applicable to this character of co-op.

While religious, charitable and literary corporations are not the only non-profit corporations, Reed v. Tidewater Coal Exchange Inc., 116 Atlantic 898 (Del.Chan. 1922), the mere fact that the purpose clause states that a corporation is to be a non-profit corporation is not conclusive or definitive as to whether the corporation is in fact a non-profit corporation. Celina and Mercer County Telephone Co. v. Union Center Mutual Telephone Association, 102 Ohio St. 487, 133 N.E. 540 (1921,Sup.Ct.)and Reed v. Tidewater Coal Exchange Inc., supra.

Article 1.02 A(3) of the Act defines a non-profit corporation thus:

> "'Non-Profit Corporation' is the equivalent of 'not for profit corporation' and means a corporation no part of the income of which is distributable to its members, directors, or officers."

This does not mean that no member, officer or director may be paid by a non-profit corporation from its revenues or income in a proper case.

Article 2.24 provides:

> "No dividend shall be paid and no part of the income of a corporation shall be distributed to its members, directors, or officers. A corporation may pay compensation in a reasonable amount to its members, directors, or officers for services rendered, may confer benefits upon its members in conformity with its purposes, and upon dissolution or final liquidation may make distributions to its members, but only as permitted by this Act."

The prohibitions involved in these two statutes are fundamentally prohibitions against dividends or against the distribution of a proportionate share of profits as profits whether under the guise of

dividends, salary or otherwise.  As stated in the leading case of Reed v.
Tidewater Coal Exchange Inc., 116 Atlantic 898 (Del.Chan. 1922) page 904:

> "Whether dividends are expected to be paid
> may, generally speaking, be taken as the test by
> which we are to determine whether, or not, a given
> corporation is organized for profit.  Perhaps a
> better way to put it would be to say that a corpor-
> ation is for profit when its purpose is, whether
> dividends are intended to be declared or not, to
> make a profit on the business it does which in r ·
> reason belongs to it and which if its affairs are
> administered in good faith would be available for
> dividends."

Thus, the Act excludes from its purview the incorporation of enterprises,
whether commercial or otherwise, which have as their predominant pur-
pose the making of a pecuniary profit for the corporation.  That is to say,
the end in mind is to return or distribute to members, directors, or
officers of the corporation (with the exception of liquidation) any portion
of the net revenues above and beyond the actual costs of operation with
exception of payment of reasonable compensation for services actually
rendered the corporation.

Co-operatives sometimes, and often do, distribute a portion
of their income to their members.  In such cases, they are corporations
for profit and would be excluded from the purview of the Act.  In other
instances their income is not distributable to the members in the sense
above discussed, but is used entirely in paying the reasonable costs of
operation and for the improvement of the properties, if any, held and
owned by the corporation.  The proposed corporation may well fall into
the latter category and as such could incorporate under the Non-Profit
Act.

Certainly members of the apartment house co-op, if tenants,
will receive benefits by being members of the corporation; however,
Article 2.24 expressly authorizes non-profit corporations to confer
benefits upon its members in conformity with the purposes of the cor-
poration as expressed by its articles of incorporation.  The benefits
that tenant-members of the proposed corporation would receive do not
substantially differ from the benefits that would be conferred upon
members of a college fraternity who reside in the fraternity house.
Fraternities are expressly authorized to be incorporated as non-profit
corporations by Article 2.01 A of the Act.  Thus, the mere fact that

this character of benefit is conferred upon the tenant-members of the proposed corporation should not bar the Secretary of State from accepting the Articles of Incorporation. Furthermore, the courts have held in several instances that co-operatives similar to the proposed corporation may be organized as not-for-profit corporations. Burley Tobacco Growers Co-op v. Rogers, 150 N.E. 384 (Ind. 1926); Ex Parte Baldwin County Producers Co-op, 203 Ala. 345, 83 So. 69 (1919).

It is to be noted that the proposed articles of incorporation authorize the purchase of a single apartment house and its related appurtenances rather than the general dealing in real estate by the proposed corporation. In this respect it should be distinguished from the type of corporation which is dealing in real estate properties and rentals for strictly profit-making purposes.

Accordingly, you are advised that the purposes expressed in the proposed articles of incorporation do not in and of themselves prohibit the Secretary of State from accepting and filing the proposed articles of incorporation under the Texas Non-Profit Corporation Act.

## SUMMARY

The Secretary of State is not prohibited from accepting and filing Articles of Incorporation under the provisions of the Texas Non-Profit Corporation Act merely because the corporate purpose is to acquire, own, operate, etc., an apartment house to be used by the members of the corporation on a co-operative basis.

Very truly yours,

WILL WILSON
Attorney General of Texas

BY *Wallace P. Finfrock*

Wallace P. Finfrock
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Jack Goodman
R. V. Loftin, Jr.
Larry Hargrove
Iola Wilcox


REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Leonard Passmore