Mary **ROSENBERG** and David **Rosenberg**, Co-Executors of the Estate of Dan Rosenberg, and Mary Rosenberg, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 19707.

United States Court of Appeals, Eighth Circuit.

Feb. 25, 1970.

Victor Packman, Clayton, Mo., for appellants.

William S. Estabrook, III, Atty., Dept. of Justice, Washington, D. C., for appellee; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Thomas L. Stapleton, Attys., Dept. of Justice, Washington, D. C., Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and Daniel R. O'Neill, Asst. U. S. Atty., were with him on the brief.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

The central issue in this case presents a factual question: whether commissions not actually drawn upon until the year after they were earned constitute constructively received income in the year in which they were earned. Although the doctrine of constructive receipt is to be sparingly applied, its application is proper if the commissions were available to the taxpayer in the year earned. 26 C.F.R. § 1.451–2 (1969). In the instant case,[1] availability turns on whether the taxpayer had a

---

1. Employer, Bristol Manufacturing Company, utilized an accrual basis of accounting and deducted the commissions earned by employee, David Rosenberg, in the year earned, though an accounting was rendered in February on the past year and varying balances of commissions earned but not paid would be carried over each year. The employee's return was prepared on a cash basis and only commissions actually received were reported as income. A substantial part of these balances would be drawn down by the taxpayer in January of each year.

legal right to make withdrawals against his commissions in the year earned and on whether the taxpayer's employer was financially able to pay the commissions owed the taxpayer.

 The responsibility in a non-jury case for resolving factual questions rests with the district court and the scope of the appellate review is limited to whether the findings of the trial court are clearly erroneous. Pendergrass v. New York Life Ins. Co., 181 F. 2d 136, 137–138 (8th Cir. 1950). Upon a reading of the record, we think that the District Court's determination that the commissions were constructively received by the taxpayer is fully warranted by the evidence and therefore not clearly erroneous. We, therefore, affirm the District Court's decision on the basis of Chief Judge Harper's opinion. Rosenberg v. United States, 295 F.Supp. 820 (E.D.Mo.1969).