446 F.2d 763
 ARKANSAS EDUCATION ASSOCIATION et al., Appellants,
v.
BOARD OF EDUCATION OF the PORTLAND, ARKANSAS SCHOOL DISTRICT, et al., Appellees.
ARKANSAS EDUCATION ASSOCIATION et al., Appellees,
v.
BOARD OF EDUCATION OF the PORTLAND, ARKANSAS SCHOOL DISTRICT, et al., Cross-Appellants.
 No. 20412.
 No. 20413.
 United States Court of Appeals, Eighth Circuit.
 July 26, 1971.
 
 Philip E. Kaplan, Walker, Rotenberry, Kaplan, Lavey & Hollingsworth, Little Rock, Ark., for Arkansas Education Assn., and others.
 William S. Arnold, Hamburg, Ark., Arnold, Hamilton & Streetman, Crossett, Ark., for Howard Hopkins and Bd. of Ed. of the Portland, Ark., School Dist.
 Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.
 ROSS, Circuit Judge.
 
 
 1
 This is an appeal from the dismissal of a class action brought by Arkansas Teachers Association, Inc. (ATA) on behalf of the black teachers of Portland, Arkansas School District requesting a mandatory injunction against that School District requiring it to cease discriminating against black teachers in the payment of salaries, and further requiring it to pay back wages alleged due the black teachers as a result of the alleged discrimination. We vacate the judgment of dismissal with directions.
 
 
 2
 The complaint of ATA, which was filed on June 20, 1968, also alleged that distinctions based on race were made in the recruitment, assignment and utilization of teachers and that the School District was operating a dual school system. Additional injunctive relief was requested as to these allegations. Federal jurisdiction is established. 28 U.S.C. § 1343(3) and 42 U.S.C.A. § 1983.
 
 
 3
 On July 8, 1968, Mrs. Freddie Jenkins, a black teacher employed by the School District during the period in question, filed a petition for intervention and on March 18, 1970, she was permitted to intervene as a party-plaintiff. She claimed to be a member and a representative of the class of teachers which ATA sought to represent. On May 20, 1971, subsequent to the hearing on this case by this Court, Arkansas Education Association (AEA), as the successor to the merged associations of ATA and AEA, was substituted as a party-plaintiff for ATA by order of this Court.
 
 
 4
 After this suit was commenced, but prior to trial, the School District adopted new policies relating to integration of its schools and faculty and to the future assignment, utilization and payment of all of its teachers, which apparently eliminated those issues from the trial of the case. Thus, the only real issue presented at the trial and on this appeal was the claim for the alleged discriminatory salary differential for the 1966-67 and 1967-68 school years on behalf of the black teachers employed by the School District during that period of time.
 
 
 5
 Answers to interrogatories were filed prior to trial which, together with plaintiffs' exhibit 3, showed the identity, race, salary for 1966-67, 1967-68 and 1968-69, grades and subjects taught, school, educational background, degrees, certification, and total years of teaching or administrative experience within the Portland, Arkansas School District, for each teacher employed by that School District for 1966-67, 1967-68 and 1968-69. The chart in Appendix "A" summarizes this information.
 
 
 6
 In a pretrial order, the trial court ruled that ATA had proper standing under Rule 17(a) and "[was] a proper, although not necessary, party to this litigation."
 
 
 7
 In a memorandum opinion of May 19, 1970, the trial court found: (1) "[t]he only issue remaining for decision of the Court relates to the question of alleged discrimination on basis of race in payment of teachers' salaries for the school years 1966-67 and 1967-68"; (2) ATA had merged into AEA, "which association succeeds in standing with this Court as existed with the Arkansas Teachers Association, Inc."; (3) more than seventeen teachers were involved, and that this was a sufficient number of interested persons to constitute a class under Rule 23(a), Federal Rules of Civil Procedure; (4) although ATA had standing to bring this action on behalf of its members for injunctive relief under Rule 17(a), Federal Rules of Civil Procedure, it was not an individual member of the class and not a proper party to bring the suit as a class action under Rule 23(a), Federal Rules of Civil Procedure; (5) Mrs. Jenkins was a member of the class and a proper person to bring this action under said rule; (6) a school district may not constitutionally discriminate against black teachers in the payment of salaries on the basis of race; (7) each contract with both white and black teachers was made on the basis of private individual negotiation; (8) plaintiffs did not sustain the burden of proving by a preponderance of the evidence that the salary differentials resulted from racial discrimination; (9) there was no credible evidence in the record from which the Court could fix any amount of claimed damages; and (10) the "petition be and it is hereby denied and dismissed, including the prayer for attorneys' fees."
 
 
 8
 On appeal, plaintiffs claim that the trial court erred in holding: (1) that ATA was not the proper party to bring this suit as a class action under Rule 23(a), Federal Rules of Civil Procedure; (2) that disparities between salaries paid the black and white faculty members did not constitute a violation of the fourteenth amendment to the Constitution of the United States and was not the result of racial discrimination; and (3) that attorneys' fees should not be awarded.
 
 
 9
 The School District filed a cross-appeal from that part of the trial court's order finding: (1) that the persons seeking relief are of sufficient number to warrant a class action under Rule 23(a), Federal Rules of Civil Procedure; (2) that ATA has legal standing as a party litigant for any purpose; and (3) that Mrs. Freddie Jenkins is a proper person to represent an aggrieved class under the allegations of the complaint.
 
 I.
 
 10
 The trial court found that more than seventeen teachers were "involved during the period of time claimed" and that this was a sufficient number to constitute a class under Rule 23(a), Federal Rules of Civil Procedure. Actually the answers to interrogatories and plaintiffs' exhibit 3 disclose that twenty black teachers were employed by the School District in either 1966-67 or 1967-68 or both.
 
 
 11
 The determination of whether or not a class is large enough to maintain an action under Rule 23(a) must be made
 
 
 12
 "in light of the particular circumstances of the case and generally, unless abuse is shown, the trial court's decision on this issue is final. 3 Moore, Federal Practice ¶ 23.05, at 3422 (2d ed. 1964). See In re Engelhard & Sons Co., 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416 (1914); Matthies v. Seymour Mfg. Co., 270 F.2d 365 (2d Cir. 1959)." Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967).
 
 
 13
 See also Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1123 (5th Cir. 1969).
 
 
 14
 In this case some of the teachers no longer teach in the Portland, Arkansas School District; those teachers who remain in the school system could have a natural fear or reluctance to bring this action on an individual basis; and subsequent to filing this action, a nondiscriminatory salary schedule was adopted, thereby reducing the potential members of the class and lessening the chance of individual actions by the black teachers affected thereby.[1] Under these circumstances we can not say the trial court erred in holding there was a sufficient number of teachers to constitute a class under Rule 23(a).
 
 II.
 
 15
 The trial court held that ATA (now merged into AEA) had standing to bring this action under Rule 17(a), Federal Rules of Civil Procedure, but that it was not an individual member of the class and thus not a proper party to bring the suit as a class action under Rule 23(a) which requires a class action to be brought by "one or more members of a class." (Emphasis supplied.) It also held that Mrs. Jenkins was a member of the class and a proper person to bring this class action under the rules.
 
 
 16
 This same issue as to ATA was raised in Smith v. Board of Education of Morrilton School District No. 32, 365 F.2d 770 (8th Cir. 1966). There Justice (then Circuit Judge) Blackmun stated as follows:
 
 
 17
 "We are not convinced that this standing is to be defeated, as the defendants argue, because ATA is not itself, technically, an individual member of a class. Certainly a class action, under Rule 23(a), must be brought by a member of the class. Bailey v. Patterson, 369 U.S. 31, 32-33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). But to argue that ATA here is not a member of the class for which relief is sought is, we think, but another way of arguing the question whether ATA is a real party in interest. 3 Moore's Federal Practice, par. 23.04 at p. 3419 (2d ed. 1964). Having held that ATA is a proper party in this latter respect, we think it follows that it is not to be dismissed from the case because of Rule 23(a). Cases such as Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co., 133 F.2d 101, 104-105 (8 Cir. 1942), and Alabama Independent Service Station Ass'n v. Shell Petroleum Corp., 28 F.Supp. 386, 390 (N.D.Ala.1939), cited by the defendants, do not appear to us to be controlling in this area." Id. at 777.
 
 
 18
 Inasmuch as AEA, the successor in interest to ATA, has now been substituted as a party to this lawsuit, we are convinced that it not only has standing under Rule 17(a) but also that such standing should not be defeated because it is not, technically, an individual member of the class of teachers it represents. This is especially true since the trial court correctly held that Mrs. Freddie Jenkins, one of the black teachers claiming to be affected by the salary policies of the School District, is a proper party to bring this class action under Rule 23(a). Retention of AEA as a substitute party-plaintiff will serve to facilitate the contacts with former teachers which must be made in carrying out the decision of this Court; the dismissal of AEA would not change our decision since Mrs. Jenkins, a proper party-plaintiff, could, if necessary, represent the class.
 
 III.
 
 19
 On cross-appeal the School District claims that "Mrs. Jenkins is not a proper representative of the class because: (1) the number in the class is not so numerous as to make it impracticable to make all parties to the suit; (2) Mrs. Jenkins' interests are antagonistic to other members of the class; (3) appellants waived any possible suit as a class action when they abandoned their prayer for injunctive relief; (4) the subject matter — individual damages — is not proper as a class action under the facts and circumstances of this suit; (5) the black teachers have waived any right to recover salary differences for prior years."
 
 
 20
 The first point has been disposed of in Part I of this opinion. The claim that the interests of Mrs. Jenkins are antagonistic to the other members of the class is based upon the allegation in her petition for intervention that "she has been subjected to receiving considerably lower wages than white teachers as well as several negro teachers." In support of this contention, the School District cites Redmond v. Commerce Trust Co., 144 F.2d 140 (8th Cir.), cert. denied, 323 U.S. 776, 65 S.Ct. 187, 89 L.Ed. 620 (1944). The reliance of the School District on that case is misplaced since Redmond holds that representation is insufficient under Rule 23(a) when there is antagonism between the representative party and the class "as to the subject matter of the suit." (Emphasis supplied.) It goes on to point out that the Redmond petition
 
 
 21
 "is based upon a common and undivided obligation and liability — the preservation and proper distribution of a trust fund wherein all beneficiaries are interested in preservation of the fund and none can have legal standing to seek its distribution other than in accord with the trust indenture. The possible situation that the beneficiaries may have divergent views as to their several undivided rights in the distribution of a trust fund which is alleged to be insufficient to pay all in full does not prevent this being a class action. The preservation of the trust fund is the prime jurisdictional consideration here and when a court in equity thus has jurisdiction it will retain such for the purposes of distribution in accordance with the rights of the parties in the further administration of the trust." Id. at 151-152.
 
 
 22
 See also Berman v. Narragansett Racing Association, 414 F.2d 311, 317 (1st Cir. 1969), cert. denied, 396 U.S. 1037, 90 S. Ct. 682, 24 L.Ed.2d 681 (1970); and Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 566 (2d Cir. 1968).
 
 
 23
 In this case Mrs. Jenkins specifically claimed "[T]hat for the 1967-1968 school year she had been paid an average of $1,265.00 less than the other teachers in the system with comparable qualifications." Her only claim for relief was her adoption by reference of the prayer for relief set forth in the complaint of ATA.[2]
 
 
 24
 Under these circumstances it cannot be said that the interests of Mrs. Jenkins "as to the subject matter of the suit" are antagonistic to those of other members of the proposed class.
 
 
 25
 The third, fourth and fifth points set forth above as reasons that Mrs. Jenkins is not a proper representative of the class really do not relate to that point at all and possibly are presented in this context because they were not designated in the notice of cross-appeal filed by the School District.
 
 
 26
 The substance of these three related points is that under Rule 23(b) (2), (relied upon by ATA in its complaint), it is necessary that "final injunctive relief or corresponding declaratory relief" be appropriate with respect to the class as a whole; that when the School District adopted an adequate salary schedule after the filing of this complaint, but prior to the trial, there was no longer any necessity for injunctive or declaratory relief.
 
 
 27
 It is apparent from the evidence (including the action of the School District in adopting the salary schedule subsequent to the filing of ATA's complaint) that at the time ATA filed its complaint the existing conditions justified the request of ATA for injunctive relief from the practice of the School District of paying black teachers lower salaries than those paid white teachers for equal work, under equal conditions and with equal qualifications. Thus the question is whether the School District may be permitted to defeat the right of ATA to maintain a class action properly brought under Rule 23(a) and (b) (2), by adopting a policy for the future which does not correct past inequalities.
 
 
 28
 Neither party has cited any case in which the courts have held that a class action properly brought under Rule 23(a) and (b) (2), requesting injunctive relief and damages, should be dismissed after the necessity of injunctive relief is obviated by defendant's own action.
 
 
 29
 In Montgomery Ward & Co. v. Langer, 168 F.2d 182, 187 (8th Cir. 1948), our Court made the following general observation concerning class actions:
 
 
 30
 "The class action was an invention of equity (Hansberry v. Lee, 311 U.S. 32, 41, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741), mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs. See United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 387-389, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762. By Rule 23 the Supreme Court has extended the use of the class action device to the entire field of federal civil litigation by making it applicable to all civil actions. The usefulness of the device in its new environment will depend largely upon the attitude of the courts. If the device is to be loaded down with arbitrary and technical restrictions, it will serve no very useful purpose in the enlarged field. If, on the other hand, the courts will disregard the ancient and often arbitrary distinctions between actions at law and suits in equity and will permit the Rule to operate in all cases to which it justly and soundly may be applied, it will serve its intended purpose. Like most procedural devices, its usefulness is susceptible to being nibbled away by those who regard it as an unwelcome stranger in an unsuitable environment." (Footnote omitted.)
 
 
 31
 See also Esplin v. Hirschi, 402 F.2d 94, 101 (10th Cir.), cert. denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1968); Eisen v. Carlisle & Jacquelin, supra, 391 F.2d at 560-561.
 
 
 32
 Our conclusion is that a class action for injunctive relief and damages properly brought under Rule 23(a) and (b) (2) should not be dismissed merely because a subsequent change in policy by the defendant has eliminated the necessity for future injunctive relief, leaving only the question of past damages for determination by the Court. Cf. Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968); Cypress v. Newport News General and Nonsectarian Hospital Ass'n, supra, 375 F.2d at 658; Morris v. Williams, 149 F.2d 703, 709 (8th Cir. 1945); United States v. Cantrell, 307 F.Supp. 259 (E.D.La.1969).
 
 IV.
 
 33
 The principal substantive question to be determined is whether or not the substantial salary variations between black and white teachers were the result of racial discrimination or whether, as determined by the trial court, the "employment of each teacher, white and black, historically was on the basis of private negotiations with each teacher individually; that substantial salary variations occurred not only between black and white teachers, but also between white teachers based on the needs of the district and the availability of individual teachers; and that there is no credible evidence in the record from which the Court could fix any amount of claimed damages."
 
 
 34
 In Morris v. Williams, supra, 149 F.2d at 708, this Court held that a differential in salaries based solely on race or color is prohibited under the fourteenth amendment. See also Reynolds v. Board of Public Instruction, 148 F.2d 754 (5th Cir.), cert. denied, 326 U.S. 746, 66 S.Ct. 53, 90 L.Ed. 446 (1945); Alston v. School Board of City of Norfolk, 112 F. 2d 992 (4th Cir.), cert. denied, 311 U.S. 693, 61 S.Ct. 75, 85 L.Ed. 448 (1940); Freeman v. County School Board, 82 F. Supp. 167 (E.D.Va.), aff'd, 171 F.2d 702 (4th Cir. 1948).
 
 
 35
 This Court in Morris v. Williams, supra, stated as follows:
 
 
 36
 "The crucial question in this case is whether the evidence demonstrates that there existed in Little Rock before the trial and continuing at the time of the trial a policy or custom of paying negro teachers less for comparable service than was paid to white teachers solely on the basis of race or color. We think the record compels the conclusion that such discrimination did exist. The minutes of the Board recited above and the distribution of surplus funds in 1941 and 1942 permit no contrary inference. The explanation that substantially all colored teachers are worth less than substantially all white teachers; that the basic salaries of colored teachers are accordingly lower than the basic salaries of white teachers; and that it is therefore logical that public funds should be distributed to them on a percentage basis is not sustained by the evidence. The explanation appears to be an after-thought designed to meet the exigencies of a defense. No doubt some colored teachers were paid more than other colored teachers holding equivalent positions and some white teachers were paid more than other white teachers in equivalent positions, all on the basis of their respective individual worth; but the minutes of the Board record that the gap between the payments to and the salaries of white and colored teachers was based upon race and color. We have studied the record and the able briefs of counsel carefully and we find it impossible to reconcile the theories of the defense with the undisputed facts." Id. 149 F.2d at 708.
 
 
 37
 In this case the evidence established that for the school year 1967-68 no black teacher at Tillis Elementary School (all black) was paid more than $4,500.00. Four of these teachers had over twenty years of experience in the district. No full time, fully qualified, white elementary teacher in the district earned less than $5,000.00 (one teacher) and the next lowest salary was $5,519.00. Excluding the principals and coaches, no black high school teacher in 1967-68 earned more than $4,500.00 (except one, who was paid $4,800.00), and no full time white secondary school teacher earned less than $5,300.00. Similar discrepancies existed in 1966-67 and in the salaries paid the black and white principals and coaches for both years.[3]
 
 
 38
 Plaintiff, of course, had the burden of establishing that the salary differentials were the result of racial discrimination; and the trial court's decision to the contrary must be given great weight and will not be set aside unless that finding was clearly erroneous. Fed.R.Civ.P. 52(a); Rosenberg v. United States, 422 F.2d 341, 342 (8th Cir. 1970). The Supreme Court has said that "[a] finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed", United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); Brown v. United States, 419 F.2d 337, 340 (8th Cir. 1969); St. Louis Typographical Union No. 8, A.F.L.-C.I.O. v. Herald Company, 402 F.2d 553, 557 (8th Cir. 1968). However, a study of the evidence, including the chart in Appendix "A" can lead to only one conclusion: during the years 1966-67 and 1967-68 the School District systematically and without exception paid black teachers substantially less than they paid white teachers.[4] This is constitutionally impermissible and all of the black teachers who were thus discriminated against are entitled to recover the difference between what they were actually paid and what they would have been paid if all teachers had been treated equally in 1966-67 and 1967-68 as they were in 1968-69.
 
 V.
 
 39
 The question of the amounts of the salary differentials due to the black teachers is a difficult one, but the record is not totally lacking in evidence from which the trial court may make its determination. In making its ruling from the bench, the trial court invited the attorney for ATA to file "supplemental information for the record" relating thereto, but this invitation was not accepted since the court had already ruled that no damages were payable. Upon remand, the lower court may exercise its discretion in determining whether supplemental evidence or briefing is necessary on this point and may also wish to consider requiring that notice be given to the members of the class pursuant to Rule 23(d) (2), Federal Rules of Civil Procedure.
 
 
 40
 The request for allowance of attorneys' fees for plaintiffs' attorneys is denied without prejudice to a determination by the trial court as to whether or not attorneys' fees should be allowed out of the sum recovered for the members of the class.
 
 
 41
 The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with the views herein expressed.
 
 
 42
 APPENDIX "A"

 | | | | | | | | | | | |
 | Name of Teacher | Race| 66-67 | 67-68 | 68-69 | Grade Taught | Subjects | Educational | Certification | Total | Years |
 | | | Salary | Salary | Salary | or Area of | Taught | Background | | years | teaching |
 | | | | | | Administration | | and degrees | | teaching | in |
 | | | | | | and School | | | | | District |
 | | | | | | Assignment | | | | | |
 |======================|=====|=========|=========|========|===================|====================|=============|===============|==========|==========|
 | | | | | | | | | | (1966-67) |
 1.| Miss B.A. Brown | B | $3,284 | | | High School T | Commercial | B.A. | H.Sch.Cert. | 1 | 1 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 2.| Mrs. D. Duren | B | 4,400 | $4,500 | $5,500 | High School T | English | A.B. | H.Sch.Cert. | 4 | 4 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 3.| Miss E. Cooper | B | 3,832 | | | High School T | Math | B.S. | H.Sch.Cert. | 0 | 0 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 4.| Mrs. N. J. Culbreath | B | 2,853 | | | 3d Grade T | All | | Elem.Cert. | 2 | 1 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 5.| Mrs. C. L. Harris | B | 1,900 | | | 3d Grade T | All | B.S.E. | Elem.Cert. | 20 | 20 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 6.| Mr. R. Maxwell | B | 4,000 | | | High School T | Coach, | B.S. | H.Sch.Cert. | 1 | 1 |
 | | | | | | | Math, Sc. | | | | |
 | | | | | | | & Dr. Ed. | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 7.| Miss B. Spencer | B | 3,800 | | | T | | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 8.| Mrs. N.L. Walker | B | 4,040 | | | 4th Grade T | All | B.S. | H.Sch.Cert. | 26 | 20 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
 9.| Mrs. B. Adkinson | W | 4,832 | | | 6th Grade P | All | M.E. | Elem.Cert. | 6 | 1 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
10.| Mrs. M. Hill | W | 5,977 | | | High School P | Home Ec. | B.S. | H.Sch.Cert. | 33 | 21 |
 | | | | | | | | | Cert. | (1967-68) |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
11.| Mrs. V. Barry | W | 5,183 | 5,643 | 6,200 | 3d Grade P | All | B.A. | Elementary/ | 26 | 15 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
12.| Mrs. M. Borgognoni | W | 3,640 | 4,100 | 6,200 | Elementary and | Music | B.S.E. | Elem.Cert. | 11 | 10 |
 | | | | | | High Sch. P&T | | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
13.| Mr. L. Crossley | W | 6,040 | 6,500 | 6,500 | High School P | Principal | B.A.-M.S. | H.Sch.Cert | 3 | 2 |
 | | | | | | | Science | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
14.| Mrs. P. Crossley | W | | 6,000 | | High School | Speech | B.A.-M.S. | H.Sch.Cert | 6 | 0 |
 | | | | | | P&T | English | | | | |
 | | | | | | | Remedial | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
15.| Mr. J. Ellington | W | 5,340 | 6,000 | 6,500 | High School | Counselor | B.A.-M.S.E. | H.Sch.Cert | 8 | 2 |
 | | | | | | P&T | Math | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
16.| Mrs. E. Foster | W | 5,487 | 5,947 | 6,000 | High School P | Math | B.A. | H.Sch.Cert. | 19 | 6 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
17.| Mrs. F. Harrison | W | | 5,000 | | 6th Grade P | All | B.S.E. | H.Sch.Cert. | 3 | 0 |
 
 
 43
 18.| Miss B. Holland | W | | 2,181 | 5,000 | High School | English | B.S.E. | H.Sch.Cert. | 0 | 0 |
 | | | | | | P&T | Science | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
19.| Mrs. M. Lawrence | W | 5,039 | 5,519 | 6,200 | 4th Grade P | All | B.S.E. | Elem.Cert. | 26 | 15 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
20.| Mrs. E. Mazanti | W | 5,268 | 5,768 | 6,700 | 1st Grade P | All | B.S.E.-M.A. | Elem.Cert. | 11 | 10 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
21.| Mrs. V. Mol | W | 5,332 | 5,792 | 6,000 | High School P | Eng.-Fr. | A.B. | H.Sch.Cert. | 16 | 6 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
22.| Mr. H.S. Hopkins | W | 8,176 | 8,636 | 8,700 | Elementary H.Sch. | Supt. | M.A. | Adm.Cert. | 24 | 20 |
 | | | | | | P&T | | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
23.| Mr. R. Pace | W | 5,313 | 6,773 | 7,100 | High School P | Soc. St.Coach | B.S.E. | H.Sch.Cert | 14 | 13 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
24.| Miss J. Rogers | W | 5,953 | 5,966 | 6,200 | 2d Grade P | All | B.S.E. | Elem.Cert. | 27 | 13 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
25.| Mr. R. Shell | W | 5,140 | 5,900 | 6,500 | High School P | Commercial | B.S. | H.Sch.Cert | 8 | 2 |
 | | | | | | | & Dr. Ed. | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
26.| Mrs. P. Racop | W | | 5,500 | 5,800 | High School P | Home Ec. | B.S.E. | H.Sch.Cert. | 4 | 0 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
27.| Mrs. M. Rogers | W | 4,824 | 5,300 | 6,000 | High School P | Librarian | B.A.E. | H.Sch.Cert | 5 | 2 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
28.| Mrs. C. Yeatman | W | 5,729 | 6,189 | | 5th Grade P | All | B.A.-M.Ed. | Elem.Cert. | (Illegible) |
 | | | | | | Principal | | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
29.| Mr. O. J. Cason | B | 3,358 | 4,500 | 6,200 | 2d Grade T | All | B.S. | Elem.Cert. | 28 | 25 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
30.| Mr. J.W. Dillard | B | 5,032* | 5,500* | 6,200 | High School T | Phys.Ed. | B.S. | H.Sch.Cert. | 10 | 10 |
 | | | | | | | Science | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
31.| Mrs. F.M. Jenkins | B | 3,824 | 4,300 | | 5th Grade T | All | B.S. | Elem.Cert. | 16 | 1 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
32.| Mrs. T.V. Johnson | B | 4,000 | 4,500 | 6,200 | High School T | Soc. St. | B.A. | H.Sch.Cert. | 17 | 17 |
 | | | | | | | | | and Chem. | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
33.| Mrs. D.M. King | B | 4,032 | 4,500 | 6,200 | 1st Grade T | All | B.S. | Elem.Cert. | 23 | 21 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
34.| Mr. M.S. King | B | 4,040 | 4,500 | 6,200 | 6th Grade T | All | B.S. | Elem.Cert. | 23 | 23 |
 
 
 44
 35.| Mr. A. Nimmer | B | | 4,500 | 5,200 | High School T | Science-Math | B.S. | H.Sch.Cert. | 0 | 0 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
36.| Mr. A. Robinson | B | | 4,500 | 5,200 | 5th Grade T | All | B.S. | Elem.Cert. | 0 | 0 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
37.| Mr. F. Ross | B | | 4,700 | | High School T | Science-Coach | B.A. | H.Sch.Cert. | 10 | 0 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
38.| Mrs. F. Turner | B | 4,040 | 4,500 | 6,200 | 2d Grade T | All | B.S. | Elem.Cert. | 21 | 20 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
39.| Mrs. M. Watt | B | 4,253 | 4,800 | 6,700 | High School T | Soc. St. Librarian | B.A. | H.Sch.Cert. | 9 | 9 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
40.| Mrs. R.J. Hickerson | B | 4,040 | 4,500 | 5,200 | High School T | Home Ec. | B.S. | H.Sch.Cert. | 1 | 1 |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
41.| Mrs. B.J. Peacock | W | | 4,500 | | 4th Grade T | All | 60-90 Hrs. | Blanket | 0 | 0 |
 | | | | | | | | | Certif. | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
42.| Miss M.A. Cole | W | | 6,400 | | Principal & | All | B.S.E.-M.A. | Elem.Cert. | 4 | 0 |
 | | | | | | 3d Grade T | | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
43.| Mrs. E. Crane | W | | | 4,800 | 5th Grade P | All | 60-90 Hrs. | Blanket | 4 | 0 |
 | | | | | | | | | Certif. | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
44.| Mrs. L. Jordan | W | | | 5,200 | High School T | Math-Science | B.S.E. | H.Sch.Cert. | 3 | 4 |
 | | | | | | | | | | | |
 |______________________|_____|_________|_________|________|___________________|____________________|_____________|_______________|__________|__________|
45.| Mrs. D. Selby | W | | | 4,800 | 3d Grade T | All | 60-90 Hrs. | Blanket | 0 | 0 |
 | | | | | | | | | Certif. | | |
 | | | | | | NOTE: "T" indicates Tillis School | | | |
 | | | | | | (all black) and "P" indicates Portland | | | |
 | | | | | | School, (predominantly white) | | | |
 | | | | | | | | | | | |
 
 
 
 Notes:
 
 
 *
 Principal and Phys. ed. (1966-67 and 1967-68)
 Notes:
 
 
 [1]
 The salary schedule adopted for the school year 1968-69 is as follows:
 Annual
"Base Salary ........................ $5,000.00
Tenure Supplements:
 2nd year add ....................... $ 200.00
 4th year add ....................... 300.00
 7th year add ....................... 500.00
10th year add ....................... 200.00
Extra Duty and Qualification Supplements to the
 above,
for Master's Degree — add $500.00
for Master's Degree + 30 hours — add $500.00
for Coaching — add $300.00 per each full participation
 sport coached
for Supervision of School publications — add $500.00
for teaching Driver Education with appropriate qualifications
 — add $500.00
for Home Economics — add grant supplement
for Guidance Counselor with appropriate qualifications
 — add $500.00"
 
 
 [2]
 The prayer for relief in the complaint of ATA in pertinent part is as follows:
 "Wherefore, plaintiff prays that the Court advance this cause on the docket, order a speedy hearing, and upon such hearing enter a mandatory injunction which:
 
 
 [1]
 enjoins defendants from maintaining dual salary schedules for Negro and white teachers; or from continuing the policy, practice, custom and usage of paying negro teachers and staff lower salaries than those paid white teachers and staff for equal work under equal conditions and with equal qualifications
 * * *
 
 
 [3]
 requires defendants, insofar as Negro teachers employed through the 1967-68 school term are concerned, to compute and pay the amount of back wages (dating from initial employment with the district) the Negro teachers and staff are due, using as a standard the amount of wages paid white teachers in similar circumstances during each of the respective years
 * * *
 Plaintiff further prays that the Court grant its costs, reasonable attorneys' fees, and such other, additional or alternative relief as appears to the Court to be equitable and just under the circumstances."
 
 
 [3]
 Specific comparisons for 1967-68 include: 1) the black second grade teacher with a B.S. degree, an elementary certificate and 28 years of experience, including 25 in the School District, was paid $4,500.00. The white second grade teacher with a B.S.E. degree, an elementary certificate and 27 years of experience, including 13 in the School District, was paid $5,966.00. After the salary schedule was adopted subsequent to the filing of this case, each of these teachers was paid $6,200.00 for the year 1968-69. 2) A black high school social studies teacher with a B.A. degree, a high school certificate and 17 years of experience, all in the School District, was paid $4,500.00. A white high school English teacher with an A.B. degree, a high school certificate and 16 years of experience, including six in the School District, was paid $5,792.00. In 1968-69, the black teacher was paid $6,200.00; the white teacher, $6,000.00
 
 
 [4]
 As stated in Jones v. Lee Way Motor Freight, Inc., 431 F.2d 245, 247 (10th Cir. 1970):
 "In racial discrimination cases, statistics often demonstrate more than the testimony of many witnesses, and they should be given proper effect by the courts." (Citations omitted.)