**John E. BYRNE and Nellie A. Byrne, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 71–1046.

United States Court of Appeals, Eighth Circuit.

Oct. 14, 1971.

Elmer B. Hodges, John I. Wassberg, Kansas City, Mo., for appellants; Gage, Tucker, Hodges, Kreamer, Kelly & Varner, Kansas City, Mo., of counsel.

Janet R. Spragens, Atty., U. S. Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Jane M. Edmisten, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Taxpayer, John E. Byrne,[1] appeals from the decision of the Tax Court which upholds the Commissioner's determination that taxpayer owes additional monies on his 1963 income taxes. The parties state the sole issue as follows:

\* \* \* whether gain from the liquidation of a corporation, in which petitioner John E. Byrne was a shareholder, should have been recognized by pe-

---

1. Taxpayer's wife Nellie A. Byrne, having filed a joint return with her husband for the year in question, is joined as a nominal party.

titioner in 1963—the year in which various securities (comprising in part the subject matter of the liquidation and held in the name of the liquidating corporation) were delivered by an officer of the corporation to a broker with instructions to have new certificates issued in the names of the shareholders, as opposed to 1964—the year in which the reissued certificates were actually received.

The Tax Court, in a comprehensive opinion reported at 54 T.C. 1632, reviewed the factual circumstances surrounding the liquidation of the corporation in which the taxpayer held an interest, and determined the intentions of the parties relating to the corporate liquidation. It concluded from the record that the taxpayer, Byrne, had constructively received his gain from the liquidation of the corporation in 1963, since the testimony established that the directors of the corporation "intended to vest in petitioner [Byrne] a full present interest in his prorata share of the endorsed certificates, to be effective the moment they were placed in the custody of the broker." 54 T.C. at 1641. This event occurred between December 25 and December 31, 1963.

The taxpayer here argues that he could not enjoy the benefits of stock ownership without possession of stock certificates. Thus, he asserts that the taxable event should be determined in 1964, at the time of his actual receipt of the stock certificates in question.

The legal determination of the constructive receipt of gross income under § 451 of the Internal Revenue Code of 1954 (26 U.S.C. § 451), and Treas.Reg. § 1.451–2 (1957), rests upon factual considerations. Rosenberg v. United States, 295 F.Supp. 820, 822 (E.D.Mo. 1969), aff'd per curiam, 422 F.2d 341 (8th Cir. 1970). See also Bonsall v. Commissioner of Internal Revenue, 317 F.2d 61, 63 (2d Cir. 1963); Swenson v. Commissioner of Internal Revenue, 309 F.2d 672, 674 (8th Cir. 1962).

We, of course, are bound by factual determinations of the Tax Court unless we find them to be clearly erroneous. E. g., 26 U.S.C. § 7482(a); Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 290–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Blueberry Land Co. v. Commissioner of Internal Revenue, 361 F.2d 93 (5th Cir. 1966); Wells-Lee v. Commissioner of Internal Revenue, 360 F.2d 665, 668 (8th Cir. 1966). Upon reading the record, we find ample evidence to support the Tax Court's findings of fact that, under the circumstances of this case, the delivery of the endorsed stock certificates to the broker in 1963 served to vest in the petitioner and other shareholders of the liquidating corporation, a beneficial interest therein equivalent to dominion and control. These findings support the legal conclusion that Byrne constructively received his gain in that same year.

We affirm on the basis of the opinion of the Tax Court.