FLORENCE T. BLOUNT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blount v. Commissioner
Docket No. 3588-93
United States Tax Court
T.C. Memo 1993-568; 1993 Tax Ct. Memo LEXIS 579; 66 T.C.M. (CCH) 1465; December 2, 1993, Filed *579 An appropriate order will be issued denying petitioner's motion for summary judgement. For petitioner: William F. Drew, Jr.
For respondent: Ross A. Rowley. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: In this case, petitioner filed a motion for summary judgment, opposed by respondent, and the matter, after briefing and argument, is before the Court in that posture. Rule 121(a) [1] provides that "Either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy". Rule 121(b), in part, further provides that "A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable material, together with the affidavits, if any, show that there is no *580 genuine issue as to any material fact and that a decision may be rendered as a matter of law." In deciding a motion for summary judgment, it has been said that a court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought * * * with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute". Heyman v. Commerce & Industry Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). To the same effect, see Estate of Ashenhurst v. Commissioner, T.C. Memo. 1982-102. The parties herein have submitted no stipulation of facts. The representations of petitioner, however, which respondent does not dispute, appear to establish the following facts. Petitioner was a stockholder in the Home Builders and Supply Co. In 1981, petitioner granted an option to her son, W.G. Blount, in which petitioner granted to her said son the right to acquire certain shares of stock of the Home Builders and Supply Co. In 1987, W.G. Blount undertook to exercise that option, and sent to petitioner a check for her shares, as well as depositing *581 an amount in a bank account opened by him for the benefit of petitioner. Petitioner, however, refused the check and has never attempted to withdraw any money from the bank account. Whether this money represented the full amount of the option price is not known. She also has consistently refused to surrender her stock certificates to the purported purchaser, W.G. Blount, nor has she accepted any other checks or consideration purporting to be in payment of said shares under the option agreement. Thereafter, Home Builders and Supply Co. ceased to treat petitioner as a shareholder, terminating certain payments to which she had theretofore been entitled, terminating petitioner's coverage under the company's health insurance plan to which she was entitled as a shareholder, and issuing a new stockbook, in which petitioner was not shown as a shareholder. The company also ceased sending petitioner any financial information concerning the corporation, to which she would be entitled as a shareholder. Petitioner has never surrendered her stock to W.G. Blount in accordance with the option agreement, and steadfastly refuses to do so. For the year 1987, respondent determined that petitioner *582 had sold her shares in Home Builders and Supply Co. and determined a deficiency of income tax for her for that year, based upon taxing as long-term capital gains the amount of $ 153,561 on account of the alleged sale by her of the Home Builders and Supply stock. On these undisputed facts, petitioner asks for summary judgment in her favor, on the basis that the addition of the above capital gain to her 1987 income was in error. Petitioner earnestly argues that under the Uniform Commercial Code and North Carolina law, there can be no transfer of the shares involved here except by properly endorsed certificates tendered by the seller to the buyer. Although petitioner appears to concede that appropriate actions in the local courts, at law or in equity, might force her to carry out the terms of the option agreement and surrender her stock to W.G. Blount, petitioner points out that no attempt to force her to do so has ever been made, and petitioner therefore argues that she remains the owner of her shares in Home Builders and Supply Co. Petitioner denies that the doctrine of constructive receipt should apply in this situation since, says petitioner, she would be forced (upon tender *583 of the option price) to surrender a valuable right, i.e., her shares in Home Builders and Supply Co.; thus, the money was not unconditionally available to her, and it cannot be said that the doctrine of constructive receipt would apply in this situation. Section 451(a) provides: The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period.
In turn, section 1.451-2(a), Income Tax Regs., provides: General rule. Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * *
There is no suggestion herein that *584 either petitioner or W.G. Blount, who are individuals, is on anything other than the cash receipts and disbursements basis. The doctrine of constructive receipt, where it applies, is mandatory and not a matter of election by either the taxpayer or the Government. Ross v. Commissioner, 169 F.2d 483 (1st Cir. 1948), revg. and remanding a Memorandum Opinion of this Court. The doctrine of constructive receipt is well established in this Court, in cases where it is properly applicable, as where the taxpayer has income available to him without any restriction on his right to receive such income, either as to time or manner. Blum v. Higgins, 150 F.2d 471 (2d Cir. 1945). The holding in Ross v. Commissioner, supra, was reaffirmed in Wolder v. Commissioner, 493 F.2d 608 (2d Cir. 1974), affg. in part and revg. and remanding in part 58 T.C. 974 (1972), the Court pointing out that a taxpayer was not constructively in receipt of income until it was placed unqualifiedly subject to his demand. We find petitioner's arguments in favor of summary *585 judgment, based upon State law governing the transfer of securities, to be inapplicable here. As the Fourth Circuit has pointed out, stock certificates are only evidence of ownership, and the failure to deliver possession of the certificates does not of itself prevent the passage of title from an owner to an assignee, if this is the intention of the parties. This rule has been applied in income tax cases. Income (e.g., a dividend) is deemed to be received in the year it becomes unqualifiedly subject to the stockholder's demand. Helvering v. Kaufmann, 136 F.2d 356 (4th Cir. 1943), affg. 46 B.T.A. 924 (1942). The principles involved in the present matter are perhaps best summarized in the case of Byrne v. Commissioner, 54 T.C. 1632 (1970), affd. per curiam 449 F.2d 759 (8th Cir. 1971). In that case, this Court held that where shareholders delivered their old certificates to an agent, and new certificates were then issued to them in a later year, the shareholders had acquired their beneficial interest in the new shares in the earlier year, and this was the year in *586 which they were taxable, even though they had not then received the new certificates. Paper certificates, we said, are different from the shares themselves, and are merely evidence of ownership of the shareholder's underlying interest. In affirming this decision, the Court of Appeals said that whether the doctrine of constructive receipt applies raises a factual question. Byrne v. Commissioner, 449 F.2d at 760; cf. Estate of Ratliff v. Commissioner, 101 T.C.     (1993). That factual question, in this case, is whether W.G. Blount, holding the option to buy the stock involved here, clearly made the full option price available to petitioner, subject to her unrestricted power to withdraw such proceeds from the bank in which the funds had been placed to her credit or to cash the check tendered to her. If so, this Court might conclude that petitioner was in constructive receipt of the option price; if there were substantial restrictions on petitioner's power to withdraw the funds (e.g., if the money would become available to her only upon her surrender of the stock certificates), then the answer might be otherwise. Cf. Griffith v. Commissioner, 35 T.C. 882 (1961). *587 In any event, what is presented here is a material question of fact upon which there is no agreement in this record: were there any substantial restrictions upon the right of petitioner freely to withdraw the funds tendered to her in 1987? This is a fact upon which the parties are not in agreement, and which needs to be resolved. We must therefore conclude that the matter is not ripe for adjudication on summary judgment, and petitioner's motion should be denied. An appropriate order will be issued denying petitioner's motion for summary judgment. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩