Albert **BRADFORD**, et al., **Plaintiffs,**

v.

**AGCO CORPORATION, Defendant.**

No. 98–1323–CV–W–SOW.

United States District Court, W.D. Missouri, Western Division.

June 28, 1999.

### ORDER

WRIGHT, Senior District Judge.

Before this Court is the plaintiff's Motion for Class Certification (Doc. # 12) and defendant's Memorandum in Opposition to plaintiffs' Motion for Class Certification. For the reasons discussed below, the Motion is granted.

### I. *Background*

On June 16, 1998, plaintiffs filed a class action complaint. The basis of the plaintiffs' claim is a breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1001 *et seq.*) and the Labor Management Relations Act (hereinafter "LMRA") (29 U.S.C. § 185). The case was initially filed in the Northern District of Georgia and was transferred to this Court in December of 1998. Plaintiff moved for certification on February 24, 1999. Defendant sought additional discovery and filed its response on June 21, 1999.

Plaintiffs' class action complaint consists of numerous retired employees of the defendant who were employed at the Independence, Missouri plant during the period from January 1, 1990 to approximately May 25, 1993.

Plaintiffs state that benefits under a collective bargaining agreement were changed by the defendant from non-premium coverage to a fixed premium coverage. Additionally, other plaintiffs covered by the same bargaining agreement were denied coverage. Plaintiffs claim that those two changes in coverage violate the § 301 of the LMRA and §§ 502(a)(1)(B) and (a)(3) of ERISA.

The plaintiffs propose a class that consists of "all union-represented employees (and their spouses and dependants) of AGCO Corporation who retired from the combine plant in Independence, Missouri between January 1, 1990 and May 20, 1993 and were covered under either the 1986 or 1990 Insurance Agreements."

### II. *Standard*

Federal Rule of Civil Procedure 23 sets forth the following standard for certifying a class action:

(1) numerosity (a "class [so large] that joinder of all members is impracticable");

(2) commonality ("questions of law or fact common to the class");

(3) typicality (named parties' claims or defenses "are typical … of the class"); and

(4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

*Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997) (citing Fed.R.Civ.P. 23).

In addition to the requirements of Rule 23(a), the plaintiff must also fall under 23(b)(1), (2) or (3). *Id.* Plaintiff seeks certification under 23(b)(2). Justice Breyer noted in his dissent in *Amchem Products* that:

[t]he law gives broad leeway to district courts in making class certification decisions, and their judgments are to be reviewed by the Court of Appeals only for abuse of discretion. *See Califano v. Yamasaki,* 442 U.S. 682, 703, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) …. [District courts have] "broad power and discretion … with respect to matters involving the certification" of class actions. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).

*Id.* at 2252–53.

## III. *Discussion*

Plaintiffs seek to have a class certified in this case. Defendant opposes certification on numerous grounds.

### A. *Class Actions*

In order for any class action to be certified, the party seeking certification must demonstrate: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.

■ The Eighth Circuit has attempted to clarify the numerosity requirement by holding that this Court should examine the number of persons in a proposed class, the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joinder. *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 559 (8th Cir.1982).

■ Rule 23(a)(2) sets forth the requirement of commonality. The Eighth Circuit has set forth the following standard for this requirement:

> Commonality is not required on every question raised in a class action. Rather, Rule 23 is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561 (8th Cir.1982) (quoting *American Fin. Sys., Inc. v. Harlow,* 65 F.R.D. 94, 107 (D.Md.1974)), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983).

*DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir.1995).

■ The typicality requirement has likewise been thoroughly defined by our Circuit Court.

> Typicality under Rule 23(a)(3) means that there are "other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir.), cert. denied, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977). The burden is "fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer,*

64 F.3d at 1174. Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory. *Donaldson,* 554 F.2d at 831; *see, e.g., DeBoer,* 64 F.3d at 1174–75 (typicality requirement satisfied even though class members held different mortgage instruments but sought same form of relief); *accord Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 923 (3rd Cir.1992) (affirming over typicality objections a class of securities investors who had purchased or sold any one of twenty-one securities during a certain period); *see generally* 1 Herbert B. Newberg, Newberg on Class Actions: A Manual for Group Litigation at Federal and State Levels S 3.13, at 167 (2d ed.1985) (claim typical if it challenges the same unlawful conduct affecting named plaintiff and putative class).

■ The fourth requirement is designed to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products,* 117 S.Ct. at 2250 (citations omitted). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* at 2250–51 (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974))).

Plaintiffs have sought a Rule 23(b)(2) class action. A Rule 23(b)(2) class action is authorized where:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

> Fed.R.Civ.Pro. 23(b)(2).

Several United States District Courts have certified class actions under this section in retirement benefits cases. *See Bower v. Bunker Hill Co.,* 114 F.R.D. 587 (E.D.Wash.

1986); *Lessard v. Metropolitan Life,* 103 F.R.D. 608 (D.Maine 1984); *Mamula v. Satralloy,* 578 F.Supp. 563 (S.D.Ohio 1983); *Klamberg v. Roth,* 473 F.Supp. 544 (S.D.N.Y. 1979).

The Eighth Circuit has provided the following guidance to district courts in injunctive class actions:

> Certification is appropriate under subsection (b)(2) if classwide injunctive relief is sought when the defendant "has acted or refused to act on grounds generally applicable to the class." Fed.R.Civ.P. 23(b)(2).... See 7A Wright, et al., supra, S1775, at 470 ("If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2)."). "The fact that [damages were] sought incidentally to the prayer for injunctive relief does not affect this result." *Paxton,* 688 F.2d at 563. Any potential unfairness to the [objectors] in compromising their claims is "outweighed by the purposes behind class actions: eliminating the possibility of repetitious litigation and providing small claimants with a means of obtaining redress for claims too small to justify individual litigation." *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 249 (3rd Cir.1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

*DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1175 (8th Cir.1995).

**B. *Certification***

■ Under Supreme Court precedent, this Court must make specific findings regarding each of the elements of Rule 23. Implicit in every class action is that there be a class and the representative plaintiffs must be members of that class. *Aguinaga v. John Morrell & Co.,* 602 F.Supp. 1270, 1278–79 (D.Kan. 1985). Under the proposed class definition, the following similarities among the class members exist: (1) all were employees of AGCO in Independence; (2) all were represented by the United Steelworkers of America; (3) all retired from AGCO between January 1, 1990 and May 20, 1993; (4) all were covered under the 1986 or 1990 Insurance Agreements; (5) all participated in AGCO's employee benefit plan; and (6) all allegedly suffered as a result of AGCO's institution of monthly premiums or failure to provide coverage. The representative plaintiffs fit all of the similarities. In that a definable class exists and the representative plaintiffs are members of that class, this Court finds that the common sense requirements of the existence of a class and membership in that class are met.

■ The first element is that of numerosity. The proposed class consists of approximately sixty-five persons, according to the plaintiffs. The defendant alleges that the class only consists of twenty persons. The Eighth Circuit has not set forth an arbitrary number or arbitrary rules regarding numerosity. *Paxton,* 688 F.2d at 559. Our circuit has approved of a class action in which there were only twenty members. *Arkansas Educ. Ass'n v. Bd. Of Educ.,* 446 F.2d 763, 756–66 (8th Cir.1971). Additionally, one of the factors this court is to consider is the inconvenience of separate trials. *Paxton,* 688 F.2d at 559. The numerosity requirement must be balanced against the possibility of between twenty to sixty-five separate trials. Defendant argues that since the entire class is located in Missouri, joinder of all plaintiffs would be more feasible. The fact that the plaintiffs are all located in the same state does not defeat certification. Having all the plaintiffs in close proximity makes the possibility of separate trials even more distasteful. If the same witness traveled to the same courthouse to testify about the same retirement benefits in multiple cases, then judicial resources would be wasted. This Court finds that a class of twenty to sixty-five members is sufficiently numerous under Rule 23.

■ The second element is that of commonality. Not every question of law or fact must be common for the plaintiffs to properly meet their burden. *See Mosley v. General Motors Corp.,* 497 F.2d 1330, 1334 (8th Cir. 1974). Defendant claims that individual issues of reliance prohibits certification. Even if this Court were to accept the defendant's argument, certification is still acceptable due to the similarities previously orated by this

Court. These common issues greatly trump the reliance issue. Furthermore, reliance appears to be a red herring in this cause of action since the terms of the union contract and the retirement plan will govern the outcome of the case. This Court finds that the plaintiffs have proven commonality.

■ Typicality is the third element of a Rule 23 class action. The defendant claims that the representative plaintiffs' claims are not typical of the class claims. Defendant states that Mr. Bradford and Mr. Kipp are typical of only those individuals who refused to pay premiums. Mr. Fleener is typical of those who were required to pay premiums, according to the defendant. Finally, Mr. Wilson is allegedly not even a member of the class action.

As the Eighth Circuit has stated, typicality is "fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer*, 64 F.3d at 1174. The class claims of violations of ERISA and LMRA are similar to the named plaintiffs' claims. Although there are individual differences among the representative plaintiffs, as a whole, their claims are either identical or similar to the class. The underlying theory behind the federal civil rules, to efficiently use judicial resources to achieve "the just, speedy, and inexpensive determination of every action," is relevant to class actions and the typicality element. Fed.R.Civ.Pro. 1. Minor variations among the representative plaintiffs should not be used to defeat certification when the alternative is numerous trials by Western District of Missouri federal judges. As such, this Court finds that the typicality element has been satisfied.

■ The fourth element is that of adequacy of representation. Not only must the named plaintiff adequately represent the class, but plaintiff's counsel must be able to adequately represent the class. *Amchem Products*, 117 S.Ct. at 2250–51. The defendant's argument regarding the adequacy of representation is premised on the typicality test. Additionally, the defendant claims that the representative plaintiffs have had little involvement in the proceedings. The representative plaintiffs have been involved to some extent in the litigation and are con-

cerned with the outcome of the litigation. Simply because the plaintiffs were not involved in the preparation of the class action ERISA claim, as the defendant claims, is not enough to defeat certification. In fact, this Court would be shocked if a representative plaintiff in an ERISA and LMRA case took an active role in the preparation of the case. In this case, the representative plaintiffs have suffered similar injuries as the entire class. The plaintiff's firm, Jolley, Walsh, Hurley, Raisher & Roher, is well-equipped to handle a class action. Brian Wood and John Hurley are extremely familiar with the LMRA and ERISA litigation and have previously engaged in class action litigation, to include one case in the Western District of Missouri and another in the District of Kansas. The adequacy of representation has been substantially established in this case.

■ Finally, the plaintiffs must meet the requirements of Rule 23(b)(2). The Eighth Circuit has cited with approval Wright & Miller's statement that "[i]f the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2)." *DeBoer*, 64 F.3d at 1175. Plaintiffs have sought injunctive relief by requiring the defendant to perform their contractual obligations. Defendant's Memorandum did not address the Rule 23(b)(2) requirements, however, this Court must make individual findings nonetheless. Requests for monetary relief, as the plaintiffs have sought in this case, are not enough to cause a Court to refuse to certify a class action under Rule 23(b)(2). Monetary damages are almost always requested when injunctive relief is sought. Refusing to certify a Rule 23(b)(2) class action based on a request for monetary relief defeats the possibility of ever maintaining an injunctive class action. Such a nonsensical reading of the federal rules does not make good law and is flatly rejected by this Court.

Having found that plaintiffs have met all of the requirements for a Rule 23(b)(2) class action, this Court certifies the following class action: all union-represented employees (and their spouses and dependants) of AGCO Cor-

poration who retired from the combine plant in Independence, Missouri between January 1, 1990 and May 20, 1993 and were covered under either the 1986 or 1990 Insurance Agreements.

### IV. *Conclusion*

Accordingly, it is hereby

ORDERED that plaintiff's Motion for Class Certification (Doc. # 12) is granted.